P. J. MORGAN V. LYMAN FIELD.

1. MORTGAGE; Foreclosure; Jury Trial. A jury trial cannot be de-
manded as a matter of right in an action to recover upon a promis-
sory note, and to foreclose a mortgage executed to secure the same,
where the pleadings admit the right to recover the amount claimed
to be due upon the note, and nothing is left in controversy but the
right to foreclose the mortgage, and to subject the property mort-
gaged to the payment of the amount admitted to be due.

2. EQUITABLE TITLE — Sale to Satisfy Mortgage. Where the mere nom-
inal and legal title to a tract of land is conveyed without consideration,
and with the intention and understanding that the real title and in-
terest thereto shall remain in the grantor, who, for a period of more
than eight years thereafter, and until his death, continued in posses-
sion and cultivated and treated it as his own, paying the taxes, and
making valuable and lasting improvements thereon; and the grantee,
although living in the immediate vicinity, made no claim to the pos-
session of the land, or to the rents and profits of the same, and did
not pretend to own or to exercise any supervision or control over it
until after the death of the grantor; held, that the full equitable title
to the land was in the grantor at the time of his death, and that the
same may be sold to satisfy a mortgage previously given thereon by
such grantor.

Error from Saline District Court.

ACTION by Lyman Field against Thomas Riordan as ad-
ministrator of the estate of Dennis Morgan, deceased, to recover
upon a promissory note executed by Dennis Morgan in his
lifetime, on September 10, 1879, and to foreclose a mortgage
given at the same time by Morgan upon a certain eighty-acre
tract of land to secure the payment of said note. P. J. Mor-
gan, who, it was alleged, claimed some right or interest in the
mortgaged premises, was made a defendant. The administra-
tor made default, but P. J. Morgan answered for himself,
alleging that he was the owner in fee simple of the mortgaged
premises and seized of a good and indefeasible title to the
same, derived through conveyances from Dennis Morgan to
John G. Spivey on the 4th day of November, 1873, and by
John G. Spivey and wife to himself on the 6th day of No-

vember, 1873, which deeds were duly acknowledged by the respective parties, and immediately recorded. The plaintiff replied, admitting the execution of the deeds mentioned by the defendant, but averred that the same were executed without consideration; that it was never intended by and between Dennis Morgan and P. J. Morgan, or between J. G. Spivey and P. J. Morgan, that the ownership of the land should be changed from Dennis Morgan to P. J. Morgan, and that Dennis Morgan, ever after the execution of the deed and until his death, remained in the actual possession of the land, and continued to exercise acts of ownership over it, and to receive all the profits and benefits thereof, without let or hindrance from P. J. Morgan, who resided in the vicinity of said land and never made any claim thereto. The plaintiff further alleged that he took the mortgage from Dennis Morgan as security for a loan of money without any actual notice of the deed to P. J. Morgan, and believing that Dennis Morgan was the real and sole owner of the land. Trial at the November Term, 1883. P. J. Morgan demanded a jury, which was refused, and the cause submitted to the court, when the following findings of fact and conclusions of law were made:

"1. The note and mortgage set up in plaintiff's petition were of their date duly executed by the deceased Dennis Morgan, in his lifetime, and for a valuable consideration. There is now due on them to the plaintiff a balance of $—— from the estate of said deceased.

"2. Said deceased was in the fall of 1873, in his lifetime, engaged in litigation, and to save his property from the result of the same, if it should go against him, and for no other consideration, unless it was an attorney's fee of $25, gave to his then attorney in said litigation, J. G. Spivey, Esq., and against his wish, a warranty deed to the tract of land mentioned in the petition and mortgage set up therein.

"3. In a few days thereafter said attorney's fee of $25 was paid, and by request of said deceased said Spivey and wife then conveyed, by warranty deed, said tract to the defendant herein, P. J. Morgan, the own brother of the deceased, which conveyance was without any consideration whatever, and only in pursuance of the aforesaid plan to cover up his property,

and to save it from being taken in the event of a judgment against him in said litigation. All the parties to said transfer intended the real title and interest in the said land should remain in the deceased, and the full equitable title did so remain.

"4. Said deeds were duly, in the month of their execution, filed for record and recorded in the register of deeds' office of Saline county, Kansas, but the plaintiff had no actual notice of this fact at the time of receiving this mortgage.

"5. Said Dennis Morgan remained in possession of said land, residing upon and cultivating and improving it up to the time of his death, and the defendant, P. J. Morgan, has had possession since his brother's death.

"6. The personal estate of said deceased is exhausted, and all debts paid, save this to this plaintiff. Said Morgan died June 9th, 1881."

CONCLUSIONS OF LAW.

"1. The deed to said land to defendant P. J. Morgan is void as to this plaintiff, and the mortgage of plaintiff a valid lien thereon.

"2. The plaintiff is entitled to have his mortgage foreclosed, and the land sold to satisfy his claim."

The district court gave judgment accordingly in favor of the plaintiff, decreeing a foreclosure and sale of the land. To reverse this judgment *P. J. Morgan* brings the case here.

*John Foster*, for plaintiff in error.

*Garver & Bond*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: The ruling of the court refusing the demand for a jury trial made by P. J. Morgan is assigned for error. In his petition, Lyman Field set forth a promissory note and asked for a recovery of the amount due thereon, as well as the foreclosure of the mortgage executed to secure the same. If issue had been joined upon the demand for money, a jury trial should have been awarded, as was decided in *Clemenson v. Chandler*, 4 Kas. 558; but no issue of fact was joined upon that question. The administrator of the estate of Dennis Morgan, deceased, made default. And the plaintiff in error did not deny the execution of the promissory note, nor ques-

tion the right of the defendant in error to recover the amount claimed by him. The pleadings, therefore, admitted the allegations respecting the promissory note, and the right of defendant in error to recover judgment for the amount claimed, and left nothing to be tried except his right to have the mortgage foreclosed, and the lands sold in satisfaction of his claim. The issues joined between the defendant in error and P. J. Morgan were therefore purely equitable in their character, upon which a jury trial cannot be demanded as a matter of right. (*McCardell v. McNay*, 17 Kas. 434; *Woodman v. Davis*, 32 id. 344.)

1. No jury trial, when.

The action of the court holding that the mortgage executed by Dennis Morgan in his lifetime should be foreclosed and the land sold in satisfaction of the claim for which the mortgage was given as security, is complained of. About six years before the execution of the mortgage the same land was conveyed by Dennis Morgan to John G. Spivey, and by Spivey conveyed to P. J. Morgan. It is apparent, however, from the findings of the court, that the conveyance to Spivey was voluntary and against Spivey's wish, and that the deed from Spivey and wife to P. J. Morgan was without any consideration, and that all of the parties to the conveyances intended that the real title and interest in the land should remain in Dennis Morgan. There was no actual transfer of the land by Dennis Morgan, nor did he part with its possession and control. The understanding of the parties was that the transfer was entirely nominal, and that the equitable title should be reserved to Dennis Morgan. Only a bare legal title was conveyed to P. J. Morgan, by whom it was to be held in trust for Dennis. It is true there was no express trust, the conveyance being absolute in form, and that something more than a mere parol agreement was necessary to create the trust and to reserve to Dennis Morgan the equitable title. It appears that, connected with the parol agreement or understanding, there were other facts and circumstances which it seems to us fully establish the trust. As we have seen, there was no change

of possession. Dennis Morgan continued to reside thereon, cultivate, and treat the land as his own from the time of the conveyance until his death, a period of more than eight years. During all this time the taxes thereon were paid by him, and he also plowed considerable of the land, planted and cultivated apple and peach trees thereon, and made other lasting and valuable improvements, treating it as his own in all respects, as he had done prior to the conveyance to his brother. Although P. J. Morgan resided in the immediate vicinity of the land, no claim was made by him to it; he never claimed rent nor offered to pay taxes, nor undertook to obtain possession; and the probate judge testifies that after the death of Dennis Morgan, when the plaintiff came to take out letters of administration upon the estate of his brother, he admitted that the land in controversy was the property of the estate. It seems that soon after the deed was made to P. J. Morgan he returned the instrument to his brother, and there is some ground for the claim of counsel for defendant in error that it was understood between the plaintiff in error and his brother that any claim which the former might have set up under his deed was extinguished by the return of the instrument. Under all the facts in the case, we cannot doubt that the full equitable title to the land was in Dennis Morgan when the mortgage was executed and at the time of his death, and that the same is subject to the payment of his debts.

2. Equitable title; sale to satisfy mortgage.

We cannot sustain the objection of the plaintiff in error that the findings are not justified, as a careful reading of the testimony satisfies us that it sufficiently supports the result reached by the court. Nor can we disturb the judgment on account of the refusal of the court to restrict the cross-examination of the plaintiff in error. It did take a wide range, but it must be remembered that it was an examination of a party to the action, and the other party to the transaction inquired about was dead. Possibly some of the questions asked were somewhat remote from the matters inquired about in the examination-in-chief, but they were mostly explanatory of the

testimony given upon the direct examination, and as the trial was before the court alone, we do not think the plaintiff was prejudiced by the extended inquiry.

The judgment and decree of the district court will be affirmed.

All the Justices concurring.