### HATTIE SHERMAN v. J. D. RANDOLPH.

(Filed September 10, 1903.)

1. **VENDORS LIEN**—Foreclosure—Jury. In an action for judgment on notes, and foreclosure of a vendor's lien securing them, when an issue is joined as to the amount due, the trial must be had before a jury, unless a jury is waived.

2. **VERDICT**—Sustained, When. Where the issues are properly submitted to, upon instructions given by the court, and a verdict returned by a jury, and finding and judgment thereon by the trial court, this court cannot say that the verdict, finding and judgment are erroneous, in the absence of the evidence and instructions of the court.

(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before B. F. Burwell, Trial Judge.*

*J. S. Jenkins,* for plaintiff in error.

*Shartel, Keaton & Wells,* for defendant in error.

### STATEMENT OF FACTS.

An action by plaintiff in error against defendant in error, in the district court of Oklahoma county, to recover upon three promissory notes, and to foreclose vendor's lien. Trial before the court and jury; verdict and judgment for the plaintiff for the sum of $18. Motion for new trial overruled, and exception; plaintiff in error brings case here by petition in error for review.

Opinion of the court by

BEAUCHAMP, J.: This action was commenced by Hattie Sherman, plaintiff in error, against J. D. Randolph, defendant in error, in the district court of Oklahoma county, on three certain promissory notes, dated Oct. 18, 1898, and due respectively in six months, eighteen months and thirty months, said notes sued on being part of the purchase price of lots 18 and 19, in block 14, in the Military addition to the city of Oklahoma City. On the date of said notes, the 18th day of October, 1898, the plaintiff, Hattie Sherman, executed a deed to the said lots to the defendants, J. D. Randolph, and retained a vendor's lien in said deed to secure the payment of the notes sued on; and in her petition the plaintiff prayed judgment in the amount of said notes, interest and attorney's fees, and also a foreclosure of her vendor's lien on said lots. Defendant answered alleging failure of consideration for each of the three notes sued on; also overpayment of the original purchase price for the real estate described in the deed, and that the notes were given on the theory that there was a balance still due on the purchase price of the lots; and the defendant demanded judgment for the sum overpaid by him. The plaintiff by reply denied these

allegations.    The cause was tried before the court, and jury, who returned a verdict for the plaintiff for the sum of $18.

Attached to the petition in error is what purports to be a "case-made," which contains the petition of the plaintiff, the answer and cross-petition of the defendant, the reply of the plaintiff, verdict of the jury, two special interrogatories and answers of the jury, motion for a new trial, and journal entry or order overruling the motion for a new trial, and judgment of the court.    While the record recites "that on the 12th day of March, 1901, said cause came on for trial before a good and lawful jury, and both parties announced 'ready for trial, and evidence being introduced, and being duly instructed by the court orally on questions of law, and there being no objections to said instructions, the said cause was duly argued by counsel for both parties and submitted to the jury, the jury returned into court their verdict and special findings," the record does not disclose the evidence, the instructions of the court or anything more than as herein stated.

Counsel for plaintiff in error in his brief contends that "this is a case in equity, and the defendant was not entitled to a jury as a matter of right, and that the verdict of the jury would be advisory only, and not binding on the court.    It is the duty of the court to render a judgment in accordance with the law and the evidence as adduced at the trial, and in harmony with the pleadings and prayer for relief."    We cannot agree with counsel for plaintiff in error in his contention that the defendant would not be entitled to a jury as a matter of right, where the action is for a judgment on notes and the foreclosure of a vendor's lien securing them, where the amount claimed to be due upon the notes sued on is con-

troverted as in this case. In this connection, we would call attention to the following sections of Wilson's Annotated Statutes of Oklahoma, 1903:

"Section 4453. Issues of law must be tried by the court, unless referred. Issues of fact arising in actions for the recovery of money or of specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or a reference be ordered.   *   *   *   "

"Section 4448. Issues arise on the pleadings, where a fact or conclusion of law is maintained by one party and controverted by the other. They are two kinds: first, of law; second, of fact."

"Section 4449. An issue of law arises upon a demurrer to the petition, answer or reply, or to some part thereof."

"Section 4450. An issue of fact arises: first, upon a material allegation in the petition, controverted by the answer; or second, upon new matter in the answer, controverted by the reply; or third, upon new matter in the reply, which shall be considered as controverted by the defendant without further pleading."

We think that this point when considered in the light of the sections of the statute above quoted, is too clear to admit of question; and that in a case as this, where the action is for the recovery of a money judgment on notes, and an issue is joined as to the amount due, the trial must be had before a jury, unless a jury is waived. The case of *Clemenson v. Chandler et al.*, 4th Kans. 483, was an action for judgment on a note and foreclosure of mortgage securing it. The only question raised or considered was the question of the right of trial by jury. The defendants demanded a jury, which was refused by the court. The court in that case, after stating the facts with reference to the issues, say:

"Whatever else might have been the object of this suit,

in this instance its primary object was the recovery of a judgment for money; and secondarily, in case of such recovery, the determination of the priority of liens upon and the subjection of certain property to sale for the payment of such judgment.

"The records show that no waiver of a jury was made, but, on the contrary, that such jury was demanded, and that no reference was asked for or ordered. All these several matters * * * appearing in the record, we think, as before stated, that the district court erred in refusing the demand for a jury trial, and that the judgment in this case should, for that reason, be reversed."

See also *Morgan v. Field*, 35 Kan. 164, which was also a suit upon a note, and for the foreclosure of a mortgage. The pleadings admitted the right to recover the amount claimed to be due upon the note, and nothing was left in controversy but the right to foreclose the mortgage. The court in the opinion in that case says:

"If issue had been joined upon the demand for money, a jury trial should have been awarded as was decided in *Clemenson v. Chandler, supra.*"

Under the issues this case was properly submitted to the jury, and the court and jury found after hearing the evidence that there was not an entire failure of consideration, but there was due on the notes from defendant to plaintiff $18; and under the issues presented by the pleadings, the finding was possible, and this court cannot say that the finding is erroneous, in the absence of all the evidence and the instructions. The record recites that upon the conclusion of the introduction of evidence the court instructed the jury, which seems to have been wholly satisfactory, as no exceptions were saved to the instructions by either party.

"Error is never presumed by the supreme court; it must always be shown affirmatively by the record, or it will be presumed that no prejudicial error was committed by the trial court, and the judgment must be sustained." (*Board of Commissioners of Washita County v. Hubble,* 8 Okla. 169; *Board of Commissioners of D County v. Wright,* 8 Okla. 190.)

There is nothing in the record by which this court could say that the trial court erred in not entering judgment for the plaintiff for the full amount of her debt on the verdict. There is no mention made of the judgment of foreclosure of the vendor's lien in the journal entry of judgment. The journal entry seems to have been O. K.'d by the attorneys for both plaintiff and defendant, and the record does not show that any demand or request was at that time made for a judgment of foreclosure of vendor's lien, or for any finding as to the vendor's lien, and so far as the record discloses, none was made; and the plaintiff in error is not asking that the judgment be modified, or that the court be directed to enter a judgment of foreclosure, but only insists that the judgment rendered should be reversed, and the cause remanded for a new trial. The verdict of the jury and the judgment of the court being fully warranted under the issues in this case and there being no error disclosed by the record which would justify reversal, the judgment of the trial court is affirmed, with costs to the plaintiff in error.

Burwell, J., who presided in the court below, not sitting; Gillette, J., absent; all the other Justices concurring.