# PORTER v. WOLD.

No. 2046.    Opinion Filed June 25, 1912.

(127 Pac. 432.)

1.    **BROKERS—Existence of Relation—Agency for Adverse Parties.** Scott E. Winne was the manager of the partnership of Winne & Winne and manager of the Winne Mortgage Company, a corporation. Wold made application to the Winne Mortgage Company for a loan, and the application contained the statement that Winne & Winne were appointed her agent to obtain the loan. **Held,** that the instrument was ineffective to create an agency in Winne & Winne to obtain a loan from the Winne Mortgage Company, and that no agency was conferred on either Winne & Winne or the Winne Mortgage Company.

2.    **SAME—Authority—Loan—Payment to Agent.** The application for a loan stated that the applicant made "application to the Winne Mortgage Company for a loan," and further stated, "I offer as security for the loan a first lien upon real estate situated," etc. It also contained a provision purporting to appoint Winne & Winne agents for the applicant, and also the following: "I hereby authorize them to procure the loan herein applied for from the company to which this application is made, or from any other source from which they can get the sum herein applied for, on the terms contained in the application." **Held** that, if the agency attempted to be conferred had been otherwise valid, its terms conferred no authority on Winne & Winne, or the Winne Mortgage Company, to procure the money by transferring the note and mortgage, and that the application contemplated that the applicant would get the money from the person to whom she executed the note and mortgage.

3.    **FORMER DECISIONS FOLLOWED.** For third paragraph of syllabus, see second paragraph of syllabus in **Bell v. Riggs, post,** 127 Pac. 427.

4.    **SAME.** For fourth paragraph of syllabus, see third paragraph of syllabus in **Bell v. Riggs, post,** 127 Pac. 427.

5.    **BILLS AND NOTES—Negotiability—Provision Destroying Negotiability.** A provision in a promissory note secured by mortgage executed in 1907, that "in event of bona fide sale the company (payee) will release the mortgage upon payment in full of principal and interest accrued, plus an additional twelve months interest, providing the purchaser will not assume the mortgage and the company cannot agree with him in a reconstruction of the terms," rendered it nonnegotiable.

(Syllabus by Rosser, C.)

*Error from District Court, Alfalfa County;*
*M. C. Garber, Judge.*

Action by A. Ommundson against Anna S. Wold and others, Jessie M. Porter, intervener. From a judgment for plaintiff foreclosing his mortgage, and for the defendants against the intervener canceling her mortgage, intervener brings error. Affirmed.

*H. N. Boardman,* for plaintiff in error.

*A. C. Beeman,* for defendant in error.

Opinion by ROSSER, C. This suit was brought in the district court of Alfalfa county by A. Ommundson against Anna S. Wold and others to foreclose a mortgage given by Mrs. Wold to Ommundson. After the suit was brought Jessie M. Porter intervened in the action, and alleged that she was the holder of a note for $1,000, and of a mortgage given to secure it, both executed by Mrs. Wold and her husband to the Winne Mortgage Company. The forms of application for the loan were identical with those set out in the case of *Bell v. Riggs, post,* 127 Pac. 427. The note is as follows:

"$1,000.00. Alva, Okla. Ter., Feb. 25, 1907. Ten years after date, for value received, I promise to pay to the order of the Winne Mortgage Company one thousand and no-100 ($1,000.00) dollars, at the office of said company in Wichita, Kansas, with interest at the rate of 6½ per centum per annum from date until paid, payable annually on March first of each year excepting the last installment, which shall be due and payable with the principal. `If this note is sent to Waldron State Bank, at Waldron, Kansas, or to any other bank, for collection, I agree to pay exchange and collection expenses, and this note shall not be deemed paid until the funds are actually received by the payee. Interest coupons are hereto attached representing the interest from date of maturity, which with the principal note are secured by a mortgage deed of even date. If any installment of interest be not paid at maturity, this principal note and all interest due thereon shall become due and payable, at the option of the holder of this note. This note is executed upon the condition that partial payment in any amount in one year, will be received at any time, at the office of said company, in Wichita, Kansas, and that

the interest will be rebated from the date of such payments. After five years. In event of *bona fide* sale the company will release the mortgage upon payment in full of principal and interest accrued plus additional twelve months interest, provided the purchaser will not assume the mortgage and the company cannot agree with him in a reconstruction of the terms."

The facts of the two cases are substantially the same, except in the following particulars: The application for the loan showed that the mortgage was executed to obtain money to pay another mortgage, and also showed that the land was purchased from Ommundson by the Wolds, and that they still owed him $1,000.00. The application was delivered to Miss Porter at the time she bought the note and mortgage. The assignment of the note and mortgage in this case did not purport to reserve any of the interest, but carried the entire property in the note. No money was paid or offered the Wolds or Ommundson in this case. Miss Porter purchased the note and mortgage through W. W. Burnett, who was acting as her agent to make the purchase. She gave him her check for their purchase price, and he paid the Winne Mortgage Company. The money was never transferred to the account of Winne & Winne. The evidence shows that the Winne Mortgage Company was a corporation of which Scott E. Winne was manager, and that Scott E. Winne was manager of Winne & Winne, and probably sole owner, and that the Winne Mortgage Company and Winne & Winne used the same office and the same clerical force. The trial court ordered the note and mortgage canceled, and Miss Porter has appealed.

It is the contention of counsel for Miss Porter that, as Winne & Winne and the Winne Mortgage Company were both managed by Scott E. Winne, the appointment of Winne & Winne as agent was equivalent to the appointment of the Winne Mortgage Company, and that, when the money was paid to the Winne Mortgage Company, it was really paid to Winne & Winne. In other words, it is the contention that Winne & Winne and the Winne Mortgage Company was the same company, that Scott E. Winne acted for both, and that in the language of the witness Burnett, who acted for Miss Porter in buying the notes, "he

acted in all positions interchangeably." This is a correct state-
ment of his position. At least, he was trying to occupy all posi-
tions interchangeably.

The first, second, and third paragraphs of the application
are as follows:

"(1) Application: I, Anna S. Wold of Mendon, Okla.,
hereby make application to the Winne Mortgage Company for a
loan of one thousand dollars for ten years, at 6½ per cent. in-
terest payable annually the first of March, at the office of the
company in Wichita, Kansas, but request interest coupons sent
to Waldron State Bank in Waldron, Kas., for collection at my
expense as to exchange and charges, and at my risk until pay-
ments made are actually received by the company at its office.

"(2) Payments: I apply for the privilege of prepayment
in any one year of any amount, at any time, privilege to pay all
after five years.

"(3) Security: I offer as security for this loan a first lien
upon real estate situated in the township of Parson, county of
Wood, and state of Okla. and described as follows: In the event
of a *bona fide* sale the company will release the mortgage, upon
payment in full of principal and interest accrued plus an addi-
tional twelve months interest, providing the purchaser will not
assume the mortgage and the company cannot agree with him
in a reconstruction of the terms. N. E. ¼ section 29 township
28 range 8 containing 160 acres."

The thirty-first paragraph, by which it is claimed an agency
was created in Winne & Winne, is as follows:

"I hereby constitute and appoint Winne & Winne, of Wich-
ita, Kansas, my agents, to procure the necessary abstracts of
title to the land, to show a clear and unencumbered title, in fee
simple, thereto, at my expense, and to charge me for the same,
and at my expense to pay off all liens on said lands and to send
the money or draft to make such payments at my risk. I here-
by authorize them to procure the loan herein applied for, from
the company to which this application is made, or from any other
source from which they can get the sum herein applied for, on
the terms contained in this application."

The application was primarily to the Winne Mortgage Com-
pany. The intention of the application was to get a loan from
them. Mrs. Wold was applying to them for the money. No
other fair construction can be given the application. By no rea-

sonable interpretation can it be said that the application meant that she was to execute a note and mortgage to the Winne Mortgage Company which would then be sold by them to some other person or corporation, and the money thus obtained. The language is: "Make application to the Winne Mortgage Company for a loan of one thousand dollars. * * * I offer as security for this loan a first lien upon real estate situated," etc. There is nothing here indicating that it was the intention that the note was to be sold. The application was for a loan upon the security mentioned. The paragraph which is claimed created the agency in Winne & Winne does not authorize them to sell the note and mortgage. The language is: "I hereby authorize them to procure the loan herein applied for, from the company to which this application is made, or from any other source from which they can get the sum herein applied for, on the terms contained in this application."

The terms, as appears from the first part of the application set out above, were that Mrs. Wold should have the loan for ten years, etc., and that she offered as security for the loan a first lien on the land. The only fair interpretation of this part of the contract was that she offered the lien to the person making the loan. There is nothing in the application indicating that she authorized Winne & Winne to sell the note; still less did she authorize the Winne Mortgage Company. It was to be the lender of the money. The note was made to it and the mortgage recited that it was given to pay the debt evidenced by the note. Miss Porter and her agent testified to buying the note and mortgage. Nowhere does it appear that Miss Porter was the lender of the money. She was endeavoring to buy a note and mortgage which she believed was genuine and represented a valid indebtedness. While it is true that Scott E. Winne was endeavoring to fill all positions interchangeably, he could not lawfully fill all of them. The corporation was a separate entity engaged in lending money. The agency—so called—in Winne & Winne did not give any authority to the corporation, and, so far as it attempted to confer authority on Winne & Winne to procure a loan from the Winne Mortgage Company, was of no effect. In the case of

*Bell v. Riggs, supra,* it is held that, as Scott E. Winne was the manager of both Winne & Winne and the Winne Mortgage Company, Winne & Winne could not act as agents of a borrower to procure a loan from the Winne Mortgage Company. It is not necessary in this opinion to go over the reasons or to cite the authorities which are given in that case.

The note in this case was not negotiable. The mortgage provided that it and the note should be governed and construed according to the law of the territory of Oklahoma. In addition to the matters and conditions which were held in *Bell v. Riggs, supra,* to render the note nonnegotiable, the note in this case contains the provision that, in the event of a *bona fide* sale, the company will release the mortgage upon payment in full of principal and interest accrued, plus an additional twelve months interest, providing the purchaser will not assume the mortgage, and the company cannot agree with him in a reconstruction of the terms. Under this provision, the face of the note did not show unconditionally what amount would be due upon it with reference to something that might or might not happen, and of itself rendered it nonnegotiable. It was also nonnegotiable for the reasons which rendered the note nonnegotiable in *Bell v. Riggs, supra.* The money for which the note was given never reached Mrs. Wold or her authorized agent, and, as the note was not negotiable, it is subject to the same defenses in the hands of the holder that it would be subject to if held by the Winne Mortgage Company.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.