GOSS *et al.* v. SORRELL *et vir.*

No. 1036.   Opinion Filed October 8, 1912.

(127 Pac. 435.)

**BROKERS**—Agency for Corporation and Person Dealing With It—Procuring Loan—Former Decisions Followed.   This case is governed by Bell et ux. v. Riggs et al. 34 Okla. ——, 127 Pac. 427, and Porter v. Wold, 34 Okla. — —, 127 Pac. 432, recently decided by this court, but not yet officially reported.

(Syllabus by the Court.)

*Error from District Court, Custer County;*
*James R. Tolbert, Judge.*

Action by Laura Sorrell and another against E. A. Goss and others.   Judgment for plaintiffs, and defendants bring error. Affirmed.

*Geo. T. Webster* and *H. N. Boardman,* for plaintiffs in error.

*Phillips & Mills,* for defendants in error.

WILLIAMS, J.    This action was commenced by the defendants in error, Laura Sorrell and Jerry Sorrell, as plaintiffs, against the plaintiffs in error, E. A. Goss and K. G. Hamlyn and the Winne Mortgage Company and Scott E. Winne, as defendants, to remove a cloud upon the title of certain realty.   According to the allegations of plaintiffs' petition, they applied on September 10, 1907, for a loan of $1,140 to the Winne Mortgage Company.   The firm of Winne & Winne was composed of Scott E. Winne alone, who was at the time of the making of the note the president and general manager of the Winne Mortgage Company.   The plaintiffs made their note and mortgage to the Winne Mortgage Company, and delivered the same to it at Wichita, Kan., where the note and mortgage were accepted and approved. On November 12, 1907, the company submitted the application, note, mortgage, and abstract to W. W. Bennett, of Rockford, Ill., an investment broker, by sending them to his office in said

city, with a view of selling them to any one who might buy, and particularly with a view of selling them to the plaintiffs in error, E. A. Goss and K. G. Hamlyn. In said application is contained the following clause:

"I hereby constitute and appoint Winne & Winne of Wichita, Kansas, my agents, to procure the necessary abstract of title to the land, to show clear and unincumbered title, in fee simple, thereto at my expense, and to charge me for the same and at my expense, to pay off all liens on said land, and to send the money or draft to make such payment at my risk. I hereby authorize them to procure the loan herein applied for from the company to which this application is made, or from any other source from which they can get the sum herein applied for on the terms contained in this application."

W. W. Bennett approved the security, relied upon the application as to the statements therein made, and believed by reason of previous dealings with the same company that the company was the real owner of the note and mortgage, and thereupon advised the plaintiffs in error, who were his clients, to take the note and mortgage at its face, which they did, by paying to said Bennett the full face value, and he, in turn, remitted the purchase price to the Winne Mortgage Company, and the same was received by Scott E. Winne, its president, and the money was deposited by him in the Land Credit State Bank of Wichita, Kan., to the credit of the Winne Mortgage Company, and $140 of said sum was credited on the books of the Winne Mortgage Company to the commission account, being charged against the defendants in error, and they were further charged with $12 on account of abstract and recording fees, and they, defendants in error, were credited with the balance, all of which took place between November 12 and November 18, 1907. Scott E. Winne, who was then the disbursing officer of said company, neglected to cause said money to be remitted to defendants in error, and something like five months thereafter he left the state of Oklahoma, a fugitive from justice, having embezzled all the funds of said company, and, among others, the money of these defendants in error. This suit was not brought by defendants in error until about April 28, 1908, and the assignment of the mortgage to plaintiffs in error was placed on record November 20, 1907.

It is admitted that the plaintiffs in error bought the note and mortgage in good faith, without any notice that the defendants in error had not received their loan, but it is also contended on the part of the defendants in error that the note is nonnegotiable under the laws of Oklahoma, notwithstanding it is to be performed, that is, paid in Wichita, Kan. The note is in words and figures as follows:

"$1,140.00.  Arapaho, Oklahoma Ter., Sept. 12, 1907. Ten years after date, for value received, I promise to pay to the order of the Winne Mortgage Company eleven hundred and forty and no-100 dollars at the office of said company in Wichita, Kansas, with interest at the rate of six per cent. per annum from date until paid, payable annually on the first of each year, excepting the last installment, which shall be due and payable with the principal. If this note is sent to the Winne State Bank at Clinton, Oklahoma Territory, or to any other bank for collection, I agree to pay exchange and collection expenses, and this note shall not be deemed paid until the funds are actually received by payee. Interest coupons are hereto attached representing the interest from date to maturity, which with this principal note are secured by a mortgage deed of even date. If any installment of interest is not paid at maturity, this principal note and all interest due thereon shall become due and payable at once, without notice, at the option of the holder of this note. This note is executed upon the condition that partial payments in any amount not exceeding one-fifth of the principal in any one year will be received at any time, at the office of this company in Wichita, Kansas, and that the interest will be rebated from the date of such payments. [Signed] Laura Sorrell, Jerry Sorrell."

The mortgage contains the following clause:

"That they do further agree that the contract embodied in this mortgage and the note secured thereby, shall in all respects be governed, construed and adjudged according to the laws of the territory of Oklahoma at the date of their execution."

Section 797, Wilson's Rev. & Ann. St. 1903 (section 1106, Comp. Laws 1909), is as follows:

"A contract is to be interpreted according to the law and usage of the place where it is to be performed, or, if it does not indicate a place of performance, according to the law and usage of the place where it is made."

It seems that said note would be negotiable under the laws as they existed at that time in the states of Kansas and Illinois.

The proceeds of said note and mortgage were never paid by the mortgage company over to Winne & Winne, or to Scott E. Winne as a member of said firm.

The facts in this case are identical with those in *Bell et ux. v. Riggs et al.* [34 Okla. ——] 127 Pac. 427, in an opinion by Rosser, C., recently decided by this court, but not yet officially reported. The syllabus is as follows:

"(1) Scott E. Winne was the active member of the partnership of Winne & Winne, and was also president and manager of the Winne Mortgage Company. Riggs and wife made application to Winne Mortgage Company for a loan, and the application contained the statement that Winne & Winne were appointed their agents to obtain the loan. Riggs and wife signed a separate instrument to the same effect. *Held,* that Winne & Winne were in fact acting for the Winne Mortgage Company, and that Riggs and wife were not chargeable with the loan until it had been paid or tendered them,·and that a payment of the amount of the loan by the Winne Mortgage Company to Winne & Winne was not a payment to Riggs and wife.

"(2) Where a mortgage on land in Oklahoma given to secure a note payable in Kansas provided that both note and mortgage should be governed and construed according to the laws of Oklahoma Territory, the question of the negotiability of the note will be determined by the same rule as if it had been both executed and payable in Oklahoma Territory.

"(3) A note, otherwise negotiable in form, contained the following clause: 'Interest coupons are hereto attached representing the interest from date to maturity, which with this principal note are secured by a mortgage deed of even date. If any installment of interest be not paid at maturity, this principal note and all interest due thereon shall become due and payable at once, without notice, at the option of the holder of this note. This note is executed upon the condition that partial payments in any amount not exceeding one-fifth of the principal in any one year, will be received at any time, at the office of said company in Wichita, Kansas, and that the interest will be rebated from the date of such payments.' *Held,* that this clause rendered the note nonnegotiable."

Also, in *Porter v. Wold* [34 Okla. ——] 127 Pac. 432, in an opinion by Rosser, C., recently decided by this court, the facts being practically the same as those disclosed by this record, paragraph 2 of the syllabus is as follows:

"(2) The application for a loan stated that the applicant made 'application to the Winne Mortgage Company for a loan,' and further stated, 'I offer as security for the loan a first lien upon real estate situated,' etc. It also contained a provision purporting to appoint Winne & Winne agents for the applicant, and, also, the following, 'I hereby authorize them to procure the loan herein applied for from the company to which this application is made, or from any other source from which they can get the sum herein applied for, on the terms contained in the application.' *Held,* that, if the agency attempted to be conferred had been otherwise valid, its terms conferred no authority on Winne & Winne, or the Winne Mortgage Company, to procure the money by transferring the note and mortgage, and that the application contemplated that the applicant would get the money from the person to whom she executed the note and mortgage."

It follows that the judgment of the lower court must be affirmed.

TURNER, C. J., and HAYES, KANE, and DUNN, JJ., concur.