## IOWA DAIRY SEPARATOR CO. v. SANDERS.

No. 3433.   Opinion Filed April 14, 1914.

(140 Pac. 406.)

1. **PRINCIPAL AND AGENT**—Authority of Agent—Declarations—Exceptions. The general rule is that declarations of an alleged agent, standing alone, are incompetent to establish agency; but one of the exceptions to this rule is that where the suit by the principal is based upon a contract entered into by an assumed agent, his declarations in making said contract are competent testimony.

2. **SAME**—Question for Jury. Where the facts upon the question of agency are controverted, it becomes an issue to be determined by the jury from all the facts and circumstances.

3. **APPEAL AND ERROR** — Verdict — Sufficiency of Evidence. If there is any testimony reasonably tending to support the verdict of the jury, and the verdict has been approved by the trial court, the judgment will not be disturbed on appeal.

(Syllabus by the Court.)

*Error from County Court, Pawnee County;*

*Fred S. Liscum, Judge.*

Action by the Iowa Dairy Separator Company against J. R. Sanders. Judgment for defendant, and plaintiff brings error. Affirmed.

*W. T. Cleeton,* for plaintiff in error.

*E. M. Clark,* for defendant in error.

RIDDLE, J. Plaintiff in error, plaintiff below, brought this action in a justice of the peace court in the city of Pawnee to recover upon a promissory note the sum of $60 and interest at 10 per cent. Judgment was rendered in favor of plaintiff in the justice court for the amount sued for. The cause was appealed to the county court of Pawnee county, where judgment was rendered in favor of defendant in error, defendant below.

The facts as established by the evidence out of which this proceeding grows are substantially as follows: Defendant purchased a cream separator from one J. J. Hustin, a hardware merchant who handled plaintiff's machines in the town of Pawnee; that said Hustin guaranteed same to be free from all defects and to render satisfactory service. After defendant had given the machine a trial, he found the same did not render satisfactory service; and one Tomilson, the admitted agent of plaintiff, through Huston, furnished a new bowl for said separator. Defendant then executed his note payable to said Hustin in payment for the cream separator. The note was endorsed in blank, and plaintiff is now the owner and holder of same. Defendant then tried out the machine with the new bowl attached, and said machine would not do the work for which it was represented to do. Tomilson, through Hustin, then delivered another separator to defendant and took up the old one. Defendant also testified that said new machine, after it had been given a trial by Tomilson and Hustin, and after a fair trial by defendant, did not give satisfactory service. It is admitted that said Tomilson was the agent of plaintiff, and that said Hustin sold the machines of plaintiff under contract with it, the terms of which are not brought out in this proceeding.

Defendant in error, for his defense to said note, alleges failure of consideration and breach of warranty. The cause was

tried to a jury, who found in favor of defendant. After the evidence had been introduced, plaintiff in error interposed its motion for a directed verdict, which was overruled. The plaintiff in error, in his petition, sets out the following assignments of error: (1) Error in overruling the motion of plaintiff in error for a new trial; (2) said court erred in overruling plaintiff's motion for a directed verdict; (3) said court erred in giving the following instructions to the jury, to wit., numbers 2, 3, 4, 5, 6, and 7; (4) said court erred in failing to give to the jury the following instructions asked by the plaintiff in error and refused by the court: Plaintiff's instructions numbers 1, 2, and 3; (5) said court erred in admitting incompetent evidence on the part of defendant in error; (6) said court erred in rejecting legal and competent evidence offered on the part of plaintiff in error.

Plaintiff in error relies upon only one proposition in this court for reversal, and, to use counsel's language in his brief, he states the proposition as follows:

"We feel that there is but one proposition for the court to decide in this case under the evidence, and that is, whether or not there is any competent evidence that should have gone to the jury. If there was not, plaintiff's motion for a directed verdict should have been sustained."

In view of the foregoing record and counsel's admission, we feel that this is the only question involved in this appeal. Counsel takes the position that all the evidence on the part of the defendant regarding agency was incompetent, and therefore, if his objections had been sustained to the introduction of such evidence, there was no other evidence sufficient to authorize submission of the issues to the jury. While it is true, as a general rule, that until some evidence of agency has been introduced, declarations of an assumed agent, seeking to establish agency, are incompetent. There are exceptions to this rule, however, and one of the exceptions is that where the suit is based upon a contract entered into by the alleged agent, the declarations of the agent are admissible and competent testimony. *Williamson v. Tyson*, 105 Ala. 644, 17 South. 336. In the case at bar, in addition to the fact that the suit was based upon a contract entered into by

Hustin, the alleged agent, there were other circumstances and testimony tending to prove agency. The testimony of the defendant is that he purchased the machine from both Tomilson, who was the admitted agent of plaintiff, and Hustin; and that the note was not executed until after the transaction with both Hustin and Tomilson, as set out above. In view of·these facts, we are of the opinion that the court did not err in admitting the testimony complained of, and that there was sufficient testimony, warranting the submission of the issues to the jury. Where there is any controversy about the facts, the question of agency is an issue for the determination of the jury: *Wrought Iron Range Co.· v. Leach,* 32 Okla. 706, 123 Pac. 419; *Mid. Sav. & Loan Co. v. Sutton,* 30 Okla. 448, 120 Pac. 1007; *Minn. Threshing Machine Co. v. Humphrey et al.,* 27 Okla. 694, 117 Pac. 203.

Instructions of the court examined, and in our opinion, taking all the instructions as a whole, the issues raised were fairly submitted to the jury, and the court committed no prejudicial error in the instructions given.

We find no prejudicial error .in the proceedings and judgment rendered, and the judgment of the trial court is in all things affirmed.

All the Justices concur.