## HARTSOG et al. v. BERRY et al.

No. 3435.   Opinion Filed November 24, 1914.

Rehearing Denied June 1, 1915.

(145 Pac. 328.)

1.   **JURY—Jury Trial—Right.** Where a party in possession of real estate brings an action to rescind a contract,. cancel the deed thereof, and to quit title, and the defendant's answer is in the nature of ejectment, to which a general denial is filed, the suit is one in equity, and the plaintiff is not entitled, as a matter of right, to a trial by jury.

2.   **GUARDIAN AND WARD—Sale—Homestead.** A ward's interest in a homestead may be sold by the guardian under order of court, and a good title to the minor's interest passed.

(Syllabus by the Court.)

*Error from District Court, Noble County;*

*Hon. W. M. Bowles, Judge.*

Action by Henry J. Hartsog and others against O. B. Berry and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

*Henry S. Johnston* and *P. W. Cress,* for plaintiffs in error.

*Harris & Nowlin* and *W. H. Zwick,* for defendants in error.

LOOFBOURROW, J.   On November 17, 1908, O. B. Berry, as party of the first part, defendant in error, and Henry J. Hartsog and Clara Hartsog, parties of the second part, plaintiffs in error, entered into a written agreement whereby the first party was to convey, by warranty deed, certain lots in the city of Enid and the town of New Cordell, to the party of the second part, subject to a mortgage of $1,500, and the second parties were to convey to the first party 160 acres of land in Noble county, Okla., subject to a mortgage of $2,700, and the second parties were to give a mortgage to the first party in the sum of $1,200 upon the

property in Enid and New Cordell. This contract or agreement was signed, "O. B. Berry, by Okla. Texas Land Company, Agent," and Berry claimed that his agents were not authorized to make the contract as made, but that the same should have contained a condition whereby he, Berry, should receive $300 cash difference, and he refused to carry out the contract as made, whereupon plaintiffs brought suit for specific performance in Garfield county. After the commencement of this suit the plaintiffs and their agents and H. W. Thies, agent of Berry, entered into a compromise settlement and agreement whereby plaintiffs were to pay to Berry the amount of commission due to the Texas-Oklahoma Land Company on said trade, in the sum of $300, and Berry agreed to accept the note of plaintiffs for said sum; the suit for specific performance being dismissed.

A part of the lots to be conveyed by the party of the first part were erroneously described in the contract as lots 9 and 10 in block 2, Reed's Second addition to Reed Hill in Enid, Okla. The word "Second" should have been omitted. It seems that there were four additions to Enid, being Reed's addition to Enid, Reed Hill addition to Enid, Reed's First addition to Reed Hill, and Reed's Second addition to Reed Hill, and that the lots intended to be conveyed were, prior to closing the deal, shown to plaintiffs. It further appears that these lots were held in the name of the heirs of one Allen, deceased, but that at the time of the trade the equitable title was in Berry, and that the legal record title could not pass until the completion of certain probate proceedings then pending, relative to this property. There is evidence tending to show that the condition of this title was fully understood during all of the negotiations, and that the defendants in error offered to give to plaintiffs a good and sufficient and satisfactory bond for title and deed to said lots, and that they offered to deposit cash in escrow in lieu thereof, and that, after discussion of the matter and advising with their attorney, Mr. Carter, plaintiffs waived the cash deposit or the bond, and agreed to make the trade,

and that the lots involved in the probate proceedings could be conveyed when such proceedings were completed. This was an agreement in parol at the time of the settlement which resulted in the dismissal of the action for specific performance. Thereupon the plaintiffs in error executed deed and mortgage in conformity with the terms of their contract, and delivered the same to the defendants, and the defendant executed and delivered deeds to his property to the plaintiffs, except a deed to lots 9 and 10, block 2, Reed's addition to Reed Hill, city of Enid. Thereafter plaintiffs, Hartsog, commenced this action to rescind the contract, to cancel the deeds, and to quiet title of the Hartsogs in the 160 acres of land by them deeded to the defendant Berry, and also in their prayer asks for damages in the sum of $1,000. The defendants answered with a general denial, and alleged the facts to be substantially as hereinbefore stated; alleged the payment of certain mortgages upon the property involved, the payment of certain taxes, asked that in the event the court should grant a rescission of the contract, then that Berry should be subrogated to the rights of the mortgagees to the mortgages by him paid and satisfied, including the right to collect the taxes so paid by defendant Berry, etc., and the prayer, in part, is as follows:

"And that defendant Berry be decreed to be the legal and equitable owner of said land [the 160 acres conveyed by the Hartsogs] and entitled to the immediate possession thereof, and that he have execution for the enforcement of such judgment and rights and such further judgment and decree as should be just and equitable."

The court found the issues in favor of the defendant Berry, and that Berry was the absolute owner and entitled to the immediate possession of the 160 acres of land; that the plaintiffs in error were in the possession of the land without right and in violation of the ownership and right of possession of Berry, and that Berry had the immediate possession of said land upon certain conditions, to wit:

"That Berry reduce all liens and incumbrances upon the property conveyed by him to the plaintiff to the amount due thereon at the time of the trade, including the note executed by the plaintiff to the defendant Berry, provided, however, that the defendant Berry shall be entitled to all rents and profits arising from said property from the 17th day of November, 1908, to the 31st day of May, 1911."

And continued the further hearing of the case until the 20th day of June, 1911, within which time Berry should comply with the requirements of the court. At that time, upon request and showing of Berry, the cause was continued until the 10th day of July, 1911, at which time the court found that Berry had complied with the court's order, and further found that the plaintiffs were entitled to a credit of $125.74 upon the note and mortgage executed by them to the defendant Berry. The court also found that the contract contained a misdescription of lots 9 and 10 in block 2, and reformed the same in accordance with the intention of the parties. From this judgment plaintiffs in error appeal.

At the time of the trial of the case plaintiff in error demanded a jury, which demand was by the court refused, the same now being assigned as error. The plaintiffs seek, by this suit, to rescind the contract, cancel the deeds and mortgages, and quiet their title, and in their prayer asks for damages in the sum of $1,000. The relief prayed for by the defendant is, in part, in the nature of ejectment. This court has heretofore indicated and discussed whether or not all issues of fact are, as a matter of right, to be tried by a jury, and has uniformly held that issues of fact arising in equity proceedings may be tried by the court subject to its power to submit the issues to a jury or order a reference, and that in the event that such issues of fact are submitted to a jury the jury, in such cases, sits only in an advisory capacity, and the conclusions of the jury may or may not be adopted by the court. See *McCoy v. McCoy,* 30 Okla. 379, 121 Pac. 176, also reported in Ann. Cas. 1913C, 147, with notes;

*Oklahoma Trust Co. v. Stein,* 39 Okla. 757, 136 Pac. 746; *Barnes v. Lynch,* 9 Okla. 191, 59 Pac. 1008; *Maas v. Dunmyer,* 21 Okla. 434, 96 Pac. 591.

In *Angus v. Craven,* 132 Cal. 691, 64 Pac. 1091, plaintiffs alleged the ownership and possession of land, and that defendant claimed title thereto under forged deeds and prayed for a cancellation of such deeds, and that defendant be restrained from claiming thereunder. Held, that such was an equitable action, and that it could not be changed into a legal action by defendant filing a cross-bill in the nature of ejectment so as to entitle defendant to a jury trial.

In *Larkin v. Wilson,* 28 Kan. 513, it is held:

"Where an action is brought to quiet title against a party out of possession of real estate, and the defendant sets up a counterclaim in the nature of ejectment, to which a general denial is filed, the defendant is not entitled, as a matter of right, to a jury trial."

The action brought was an equitable one, and the answer setting up a counterclaim in ejectment did not alter the case. The plaintiff was in possession of the real property, and his action is not one for the recovery of such property, and the counterclaim was not, within the letter of the statute, an action for the recovery of real property. It is well settled that a court of equity, having obtained jurisdiction, will retain it for final determination of all the issues, legal as well as equitable, germane to the subject of the bill. The court found the issues in favor of the defendants; that plaintiff had no right to possession against defendants. The equitable question being determined in favor of the defendants, the question of who was entitled to the possession of the property was a mere incident, but one which the court had a right to determine without the intervention of a jury.

Counsel for plaintiffs cite *Sherman v. Randolph,* 13 Okla. 224, 74 Pac. 102, a foreclosure case in which it is held that,

when an issue is joined as to the amount due, the trial must be had before a jury. That is correct. The gist of that action is the recovery of the money due upon the note, and the foreclosure is a mere incident.

The next contention is that the contract to convey lots 9 and 10 in block 2, Reed's addition to Reed Hill, was against public policy and void and in violation of section 2026 of the Criminal Statutes of 1893, citing *Huston v. Scott*, 20 Okla. 142, 94 Pac. 512, 35 L. R. A. (N. S.) 721. In that case it is held that a conveyance of land, made in contravention of the provisions of section 2026, Stat. Okla. 1893, by the rightful owner, is utterly void as against the person holding adversely, claiming to be the owner thereof under color of title, but as between the parties and all the rest of the world it is good and passes the grantor's title. The statute and case cited are not applicable to the facts in this case. Defendant Berry deraigns title from the Allen heirs, and the question of adverse possession is not involved.

It is next contended that because lots 9 and 10 in block 2, Reed's addition to Reed Hill, were the homestead of Allen, deceased, and that a part of his heirs were minor children, the legal and equitable title in the property could not be conveyed, citing *Rockwood v. Estate of St. John*, 10 Okla. 476, 62 Pac. 277, which in effect holds that the homestead cannot be subjected to forced sale to satisfy the debts created prior to the death of the father. The principle involved in that case is not applicable to the case at bar. This was not a forced sale. California has the same probate procedure as Oklahoma, and *In re Hamilton Estate*, 120 Cal. 421, 52 Pac. 708, it is held:

"The exemption of a homestead from forced sale does not preclude a sale of a ward's homestead by the guardian for a ward's benefit. A probate homestead, set apart by the court, under Code Civil Procedure, sec. 1465, to a surviving wife and

children, some being minors, the adults all concurring, and the court deeming the sale advantageous to the estate of the minors, may be sold, and a good title to the minor's interest passed. Therefore a purchaser of such a minor's interest cannot avoid his purchase on the ground of insufficiency of title."

This disposes of every question presented in the brief of plaintiff in error, with the possible exception that some of the statements contained in the brief might present the question as to whether or not the findings and judgment of the trial court are supported by the evidence. The record in this case is quite voluminous, and is not indexed, nor have counsel complied with rule 25 of this court (137 Pac. xi), by setting forth the material and controlling parts of the testimony. But we have examined the record, and there is evidence amply supporting the findings and conclusions of the trial court.

The judgment of the trial court is affirmed.

All the Justices concur, except KANE, C. J., absent and not participating.