## HOLMES et al. v. HALSTID et al.

No. 9103—Opinion Filed Sept. 23, 1919.

(Syllabus by the Court.)

**1. Mortgages—Foreclosure—Right to Jury.**

In an action to recover judgment on promissory notes executed by defendants and for foreclosure of mortgage lien, made to secure their payment, where issue is joined as to the indebtedness due, the case is one properly triable before a jury, as provided in sec. 4993, Rev. Laws 1910.

**2. Principal and Agent — Existence of Agency—Jury Question.**

Agency, when made an issue, is a question of fact to be determined, in proper cases, by the jury, from all the facts and circumstances in evidence.

**3. Appeal and Error—Instructions—Harmless Error.**

While it is error for the court to instruct the jury upon questions of law not applicable to the issues involved, or evidence in support thereof, even though the instruction correctly states an abstract proposition of law, yet the giving of such instruction will not afford ground for reversal unless it is apparent that the instruction was calculated to confuse or mislead the jury to the prejudice of the losing party.

**4. Trial — Instructions — Requested Instructions.**

It is not error for the court to refuse a requested charge when the same proposition is covered by the instructions given, and which, taken as a whole, fairly submit to the jury the law applicable to the case.

Error from District Court, Love County; W. F. Freeman, Judge.

Action by Edward R. Holmes and Ralph W. Holmes, a partnership doing business under the firm name of R. E. Holmes & Sons, against L. B. Halstid and S. R. Halstid, his wife, Willard P. Holmes, Mollie L. Jordan and J. L. Jordan. From a judgment in favor of defendants L. B. Halstid and S. R. Halstid, plaintiffs bring error. Affirmed.

Hatchett & Ferguson, for plaintiffs in error.

H. H. Brown and R. B. Brown, for defendants in error L. B. Halstid and S. R. Halstid.

SHARP, J. Plaintiffs' action against defendants, L. B. Halstid and S. R. Halstid, was to recover personal judgment on three promissory notes for the principal sum of $1,800, and to foreclose a real estate mortgage, given to secure their payment. Defendant Willard P. Holmes was the holder of a junior mortgage, made by the Halstids contemporaneously with the execution of the mortgage to R. E. Holmes & Sons, and was made a party to the foreclosure proceedings in order that his right, title and interest therein might be decreed subject to the plaintiffs' mortgage. The petition also charged that Mollie L. Jordan and J. L. Jordan asserted some right, title or interest in the premises, and they were made parties defendant in order that such interest, if any, might be foreclosed. Defendant, Willard P. Holmes, filed his answer and cross-petition against his co-defendants, L. B. Halstid and S. R. Halstid, and asked for a personal judgment

against them in the sum of $180, and for a foreclosure of his mortgage. The Halstids answered admitting the giving of the notes and the making of the mortgage, and charged that they had never received any portion of the loan, and that hence they were not indebted to the plaintiffs in any sum. Defendants also filed a cross-petition against their co-defendants, Mollie L. Jordan and J. L. Jordan, upon which issue was joined, and also filed their answer or reply to the answer and cross-petition of the defendant, Willard P. Holmes, which answer was, to the effect, that no consideration having passed to them for the principal loan in favor of R. E. Holmes & Sons, they were not on account thereof indebted to said defendant. Answer was also filed by the Halstids to the cross-petition of the defendants, Mollie L. Jordan and J. L. Jordan. At the trial of the foreclosure proceedings by the plaintiffs and defendant, Willard P. Holmes, hearing of the issues joined between the Halstids and the Jordans was continued for the term. The judgment was in favor of the Halstids and against the plaintiffs and the defendant, Willard P. Holmes.

From the adverse judgment, defendant, Willard P. Holmes, has not appealed, so that the only question presented is, should the judgment in favor of the Halstids and against the plaintiff, R. E. Holmes & Sons, be affirmed? The brief of plaintiffs in error contains four principal assignments of error: (1) The case was not properly triable before a jury. (2) The verdict of the jury and the judgment entered thereon are not supported by the evidence. (3) Error in giving Instruction No. 7. (4) Error in refusing to give requested Instruction No. 4.

Plaintiffs' action was one "for the recovery of money" within the meaning of section 4993, Rev. Laws. It was their contention that the Halstids were indebted to them in the sum evidenced by their notes. This was denied by the Halstids, who, in effect, set up a failure of consideration for the notes, which, if established, entitled them to a verdict. The primary issue was whether, notwithstanding the execution of the notes, defendants were indebted to plaintiffs in any amount. Such being the nature of plaintiffs' action and of the issue joined, the defendants were entitled to a jury trial as a matter of right. Sherman v. Randolph, 13 Okla. 224, 74 Pac. 102; Maas v. Dunmyer, 21 Okla. 434, 96 Pac. 591; Brewer v. Martin, 49 Okla. 350, 138 Pac. 166; Hartsog v. Berry, 45 Okla. 277, 145 Pac. 328.

Was Jesse L. Jordan the agent of the plaintiffs or of the Halstids in procuring the loan? The effect of the jury's verdict sustained defendants' contention that Jordan was not their agent. This conclusion is sufficiently established by the evidence. The application for the loan was made out on a blank form addressed to Willard P. Holmes of Kansas City, Mo., who was named as Halstid's agent "to negotiate me a loan of $1,800," in consideration of which Halstid was to pay a commission of $90 cash and execute two commission notes in the sum of $90 each. Throughout the application authority was conferred upon Holmes to do numerous things, among which were to perfect the title, procure abstract, pay the taxes, etc. At the conclusion of the application, notwithstanding the power conferred on Willard P. Holmes in the matter of procuring the loan, it was also provided that Jordan should act as the local agent of Halstid in negotiating the loan. To this application Jordan signed the name of L. B. Halstid, adding immediately below the signature the words: "By Jesse L. Jordan, agent." Jordan testified that he was "getting a loan for Halstid" and also represented the Jennings Investment Company. His testimony in respect to the relationship of the Jennings Investment Company and R. E. Holmes & Sons is as follows:

"Q. Mr. Jordan, do you know what relation the Jennings Investment Company had with R. E. Holmes & Son? A. No, sir. Don't know exactly. I understand they represented Holmes. Don't know for sure. Q. I will ask you this question: Was this loan made through the Jennings Investment Company? A. Yes, sir. It was made through the Jennings Investment Company. Q. The check they sent you on behalf of R. E. Holmes & Sons was sent you by the Jennings Investment Company? A. Yes, sir. And all the loan papers were made out by them."

The net proceeds of the loan, after deducting various items of expense, was $1,696, which sum the Jennings Investment Company remitted the Jordan Company September 3, 1914, enclosing its check for $54 commission. On May 22, 1914, Halstid signed an order addressed to Willard P. Holmes, authorizing the payment of the net proceeds of the loan to the Jennings Investment Company. This order, it is urged, authorized Jordan to apply the proceeds of the loan in settlement, or partial settlement at least, of Halstid's indebtedness to him.

The foregoing testimony was offered by the plaintiffs, and of itself, aside from the

testimony of the defendants and that of the witness Wicker, who had formerly worked for the Jordan Company and at the time of the trial was a member of the firm, tended strongly to show that throughout the negotiations Jordan was the agent of the lender, and not of the borrower. He received no commission from the latter, but instead either he or his firm was paid a commission by the former. Halstid was indebted to Jordan (though the amount of the indebtedness was in controversy) and the loan, according to the terms of the application, was procured partly for the purpose of paying the purchase price of the land. This indebtedness Jordan was interested in collecting, and, according to his own testimony, did collect by keeping the proceeds and crediting Halstid therewith. The fact that Halstid signed an order that the proceeds of the loan should be paid to the Jennings Investment Company did not make Jordan Halstid's agent, or authorize him to keep and apply the money on Halstid's indebtedness, without the latter's consent. This fact was recognized by plaintiffs, who asked Jordan if Halstid authorized him "to pay the taxes and in paying the debt that was due you." To this inquiry Jordan answered in the affirmative, and he was then asked:

"Q. Did he give you written authority or oral? A. Just oral. He was kept posted of all expenses. His wife was with him."

This testimony was flatly contradicted by both Halstid and his wife.

The case is one that comes clearly within the rule of agency announced in Bell v. Riggs, 34 Okla. 834, 127 Pac. 427, 41 L. R. A. (N. S.) 1111; Goss v. Sorrell, 33 Okla. 586, 127 Pac. 435; Porter v. Wold, 34 Okla. 253, 127 Pac. 432; Union Central Life Ins. Co. v. Pappan, 36 Okla. 344, 128 Pac. 716. The unauthorized insertion by Jordan of his name as Halstid's local agent in negotiating the loan, when in fact he was agent of and represented the Jennings Investment Company, and which company had paid his commission, was evidence sufficient for the jury to find that Jordan was in fact, as he himself testified, the agent of the Jennings Investment Company, and which company directly represented the lender. The question of agency is a question of fact. Midland Savings & Loan Co. v. Sutton, 30 Okla. 448, 120 Pac. 1007; Wrought Iron Range Co. v. Leach, 32 Okla. 706, 123 Pac. 419; Iowa Dairy Sep. Co. v. Sanders, 40 Okla. 656, 140 Pac. 406; Whitcomb v. Oller, 41 Okla. 331, 137 Pac. 709, — L. R. A. (N. S.) —; Central Mort-

gage Co. v. Michigan State Life Ins. Co., 43 Okla. 33, 143 Pac. 175. So also is the question of the scope of an agency. Ricker National Bank v. Stone, 21 Okla. 833, 97 Pac. 577; Mullen v. Thaxton, 24 Okla. 643, 104 Pac. 359; St. Louis Cordage Mills v. Western Supply Co., 54 Okla. 757, 154 Pac. 646.

Instruction No. 7 is complained of as both an incorrect statement of the law, and as an invasion of the province of the jury, and therefore misleading and prejudicial. It is subject to neither of the objections leveled against it. The instruction appears to be almost a literal copy of the sixth paragraph of the syllabus in Allison v. Crummey, 72 Oklahoma, 166 Pac. 691, and as stating an abstract proposition of law, is correct. It may be that all of the elements which entered into the agency in that case were not present in the trial below; but that fact alone would not be ground for reversal. Generally speaking, it is error to give an instruction which has no application to the issues involved, or to the evidence in support thereof, although it states a correct principle of law. Yet a cause will not be reversed for the giving of such instruction unless it is apparent that it was calculated to mislead or confuse the jury to the prejudice of the losing party. Payne v. McCormick Harvesting Co., 11 Okla. 318, 66 Pac. 287; Pearson v. Yoder, 39 Okla. 105, 134 Pac. 421, 48 L. R. A. (N. S.) 334; Ann. Cas. 1916-A, 62; Chickasaw Compress Co. v. Bow, 47 Okla. 576, 149 Pac. 1166; Brownell v. Morehead, 65 Oklahoma, 165 Pac. 408. Supporting this rule see 38 Cyc. 1621, where in the footnotes cases are cited from courts of last resort of thirty-eight states of the Union, and from the Circuit Court of Appeals for the Eighth Circuit. We cannot say, from an examination of the record, that the giving of this instruction was calculated to mislead or confuse the jury, or that it "probably resulted in a miscarriage of justice." The other instructions given are not seriously complained of. Taken as a whole, the jury were correctly instructed upon the law of agency, which was the controlling question for their consideration and determination.

Finally it is urged that the court erred in refusing to give requested Instruction No. 4. This instruction was to the effect that even though the jury should find that Jordan was the agent of plaintiffs, or if the money advanced on the loan "was, with the consent of defendants, applied on their indebtedness," then defendants could not complain, and the jury should in that event

return a verdict for the plaintiffs. The instruction correctly stated the law; but, upon an examination of Instruction No. 8, we find that the requested instruction was given in substance; that is, the jury were told that if they believed Jordan was plaintiffs' agent, they should find for defendants, unless they believed that Jordan received and applied the money in cancellation of the defendant's debt with his consent.

From an examination of the entire record, we are of the opinion that no prejudicial errors were committed in the trial of the case. The judgment of the trial court is therefore affirmed.

OWEN, C. J., and KANE, RAINEY, PITCHFORD, JOHNSON, McNEILL, and HIGGINS, JJ., concur.