## PRICE & MILLER v. RATCLIFFE *et al.*

No. 3995. Opinion Filed February 16, 1915.

Rehearing Denied May 4, 1915.

(148 Pac. 153.)

1.   **APPEAL AND ERROR—Parties—Joint Judgment—Dismissal.** Where a joint judgment is rendered against two or more defendants, on appeal by case-made the joint judgment debtors who do not appeal must be made defendants in error and served with case-made and summons in error, and without such being done this court does not acquire jurisdiction.

2.   **JUDGMENT—Default Judgment—Suspension—Motion to Set Aside.** A motion to set aside a default judgment differs from a motion for new trial, where no issue of fact is raised thereby, and does not operate to suspend the effect of the judgment rendered in such case, and, unless such judgment is suspended as provided in section 5267, Rev. Laws 1910, or other specific statutory provision therefor, the finality thereof is not affected by such motion to set it aside.

3.   **NEW TRIAL—Judgment—"Motion to Set Aside Judgment."** A motion for a new trial is a re-examination in the same court of

an issue of fact after a verdict by a jury, the approval of the report of a referee, or a decision by the court, and is distinguished from a motion to set aside a judgment by default where there was no trial upon an issue of fact.

4.  **NEW TRIAL—Motion— Determination — Successors of Trial Judge.**  Unless the consideration of a motion for a new trial involves a review of the evidence taken upon the trial of the case, where the trial judge has retired from office, leaving the same undisposed of, his successor may determine the same, where the state of the record gives him access to all the facts essential to such determination.

(Syllabus by the Court.)

*Error from District Court, Custer County;*
*James R. Tolbert, Judge.*

Action by J. M. Ratcliffe against T. J. Young and others.  Judgment for plaintiff against defendants Price & Miller on the merits and against defendant William Wilson and others by default, from which Price & Miller bring error, without joining Wilson, their codefendant. Appeal dismissed.

*M. L. Holcombe, Nicholas & Lyle,* and *R. H. Towne,* for plaintiffs in error.

*Snodgrass & Darnell,* for defendants in error.

BROWN, J.   On November 28, 1911, judgment was rendered in the district court of Custer county in favor of J. M. Ratcliffe, one of the defendants in error, plaintiff below, against defendants below T. E. Price and E. M. Miller upon trial on the merits, and against defendants below T. J. Young, F. L. Young and Wm. Wilson by default; said judgment being upon promissory notes against the latter as makers and the former as indorsers, in the sum of $830.75.

On the same day the defendants J. T. Young, F. L. Young, and Wm. Wilson filed a joint unverified motion to "set aside the judgment" rendered against them on the alleged ground that attorneys for plaintiff and Young & Young agreed the case should be continued till next term

of court, which motion to set aside judgment was confessed by plaintiff's attorney as to J. T. and F. L. Young, and by the court sustained, and the cause continued as to them, but it does not appear that the motion was called to the court's attention or acted upon by the court as to the defendant Wilson in any manner, nor does it appear that any exception to this action by the court was taken by the defendant Wilson. On the following day defendants Price & Miller filed motion for a new trial, which was overruled, exceptions taken thereto, and notice of appeal given. On April 24, 1913, plaintiffs in error, Price & Miller, within due time served their case-made on J. M. Ratcliffe, plaintiff below, and thereafter counsel for said Ratcliffe waived amendments and notice of settlement of same. No service of case-made was made by plaintiffs in error on their codefendant Wilson, nor was the same waived by him. The case-made was settled and signed without notice to Wilson, and no service of summons in error was made on him. Under this state of the record, petition in error with case-made attached was filed in this court, and summons in error waived by the other defendants in error, but no service or waiver of same has been obtained as to defendant Wilson.

Was Wilson a necessary party to this appeal?

There is a distinction to be drawn between the effect of a motion for new trial and a motion to set aside a judgment. Section 5269, Rev. Laws 1910, lays down the procedure and the grounds for setting aside and vacating judgments, and section 5272, Rev. Laws 1910, provides how a judgment may be suspended or stayed pending motion or petition to vacate or set aside the same as follows:

"The party seeking to vacate  *  *  *  a judgment or order, may obtain an order suspending proceedings on the whole or part thereof; which order may be granted by the court, or any judge thereof, upon its being rendered

probable, by affidavit, or by exhibition of the record, that the party is entitled to have such judgment or order vacated or modified. On the granting of any such order, the court, or judge, may require the party obtaining any such order to enter into an undertaking to the adverse party to pay all damages that may be caused by granting of the same."

Section 5275 in the same article provides:

"The provisions of this article shall apply to all the courts of record of the state, so far as the same may be applicable to the judgments or final orders of such courts."

In section 5033, Rev. Laws 1910, a new trial is defined as follows:

"A new trial is a re-examination in the same court, of an issue of fact, after a verdict by a jury, the approval of the report of a referee, or a decision by the court."

From the fact that the judgment against Wilson was not suspended or stayed as provided by statute, and was a joint judgment with Price & Miller, he is a necessary party to this appeal. It has been held uniformly by this court that, where a joint judgment has been rendered against two or more defendants, all of said joint judgment debtors must be parties to a proceeding in error in order to confer jurisdiction thereof upon this court. *National Surety Co. v. Oklahoma Presbyterian College for Girls*, 38 Okla. 429, 132 Pac. 652.

It is contended by plaintiffs in error that, the judge who tried the case having since gone out of office, the pending motion to set aside the judgment would have to be granted as a matter of law.

In the case of *Boynton et al. v. Crockett et al.*, 12 Okla. 57, 69 Pac. 869, it is stated:

"Where a motion for a new trial is filed, and the judge who tried the cause retires from the bench leaving such motion pending undisposed of, his successor will, ordinarily, grant a new trial, where the motion involves a review of the evidence taken upon the trial, * * *

and the same has not been preserved by bill of exceptions or other record so the new judge can review the grounds for new trial."

It is clear from the above citations that the motion in the instant case cannot partake of the nature of a motion for new trial, inasmuch as there is no issue of fact to be determined which would prevent the present judge of the trial court from yet passing upon the same or dismissing it for want of prosecution.

For the reasons stated, the appeal is hereby **dismissed**.

All the Justices concur.