## MUSKOGEE ELECTRIC TRACTION CO. v. COX.

No. 5788. Opinion Filed November 16, 1915.

(153 Pac. 125.)

1. **APPEAL AND ERROR—Master and Servant—Harmless Error—Instructions—Injury to Servant—Existence of Relationship—Question for Jury.** Record examined, and **held:** (1) That the evidence adduced at the trial was sufficient to raise a question for the jury as to whether the relation of master and servant existed between the plaintiff and defendant; (2) that the instructions given, by the trial court state the propositions of law necessary to submit to the jury with substantial fullness and accuracy; (3) that the statements of counsel objected to are unobjectionable; '(4) after an examination of the entire record, it does not appear that the errors complained of have probably resulted in a miscarriage of justice, or constitute a substantial violation of a constitutional or statutory right.

2. **APPEAL AND ERROR—Harmless Error—Statement of Counsel.** Section 6005, Rev. Laws Okla. 1910, provides: "No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury, or the improper admission or rejection of evidence, or

as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

(Syllabus by the Court.)

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Action by Porter E. Cox against the Muskogee Electric Traction Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*B. B. Blakeney* and *J. H. Maxey, Jr.,* for plaintiff in error.

*Owen & Stone* and *Guy F. Nelson,* for defendant in error.

KANE, C. J. This was an action for damages for personal injuries, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below. Hereafter, for convenience, the parties will be designated "plaintiff" and "defendant," respectively, as they appeared in the trial court.

The petition alleges in effect that the plaintiff was employed by the defendant as a lineman at the time he was injured; that said injury was caused by the negligence of said defendant at a time when said plaintiff was engaged in the performance of his duties as lineman upon what is known as its Monticello line. The answer of the defendant consisted (1) of a general denial; (2) a specific denial that it owned, operated, and controlled the line in question; (3) a specific denial that it was guilty of any negligence; (4) a plea of assumed risk; and (5) contributory negligence. Upon trial to a jury there was

a verdict for the plaintiff in the sum of $800, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

Whilst there are a great many assignments of error, they all have been argued by counsel for defendant in their brief under six sub-heads, which, for the purpose of this opinion, may be further summarized as follows: (1) Error of the court in refusing to give a peremptory instruction for defendant; (2) error of the court in giving certain instructions upon its own motion, and in refusing to give certain instructions upon the request of the defendant; (3) error in overrul ng defendant's objection to certain statements made by counsel for plaintiff in his argument to the jury.

The first assignment of error is based upon the assumption that the evidence adduced at the trial is not sufficient to show that the relation of master and servant existed between plaintiff and defendant at the time the injury occurred. The defense upon the merits revolves around this question; It seems that a Mr. Long, who employed the plaintiff as a lineman, was manager of the defendant company and of the partnership known as the "Ft. Gibson Syndicate"; that the latter company had separate contracts with the Peoples' Electric Railway Company and the defendant company to construct for each certain lines of street railroad in the city of Muskogee. The contention on the part of the defendant was that Mr. Long, in his capacity of manager of the Ft. Gibson Syndicate, employed plaintiff as a lineman for that concern, and that at the time of the injury he was its servant, and not the servant of the defendant company. The evidence upon this question, as disclosed by the record, is

quite voluminous and considerably involved, and no use-
ful purpose can be subserved by setting it out at length in
this opinion. We therefore deem it sufficient to say on
th's point that after a very careful scrutiny of the evi-
dence, we are satisfied that it was sufficient to raise a
question for the jury as to whether the relation of master
and servant existed between the plaintiff and defendant.
Having reached this conclusion, it follows that the trial
court did not err in overruling the defendant's motion for
a peremptory instruction. The jury having dec'ded the
cause upon its merits in favor of the plaintiff, little re-
mains to be said upon the assignment of error relating to
the action of the court in giving and in refusing to give
the instruct'ons complained of. The instructions given
by the court seem to cover with substantial fullness and
accuracy all the propositions of law which the nature of
the case required. Moreover, the evidence disclosed that
the plaintiff was quite seriously injured and, liability
being established, there can be no doubt that the amount
of recovery allowed by the jury, to wit, the sum of $800,
was not in any degree excess ve.

Section 6005, Rev. Laws 1910, provides:

"No judgment shall be set aside or new trial granted
by any appellate court of this state in any case, civil or
criminal, on the ground of misdirection of the jury or the
improper admission or rejection of evidence, or as to error
in any matter of pleading or procedure, unless, in the
opinion of the court to which application is made, after
an examination of the entire record, it appears that the
error complained of has probably resulted in a miscarriage
of justice, or constitutes a substantial violation of a con-
stitutional or statutory right." *Mullen v. Thaxton,* 24
Okla. 643, 104 Pac. 359.

The final assignment of error is presented by counsel for defendant in their brief as follows:

"Mr. Owen read instruction No. 15 and said: 'The court has told you in instruction No. 2 that (reading): "It was the duty of the defendant to use ordinary care and prudence in furnishing to the plaintiff at or before the injury complained of a reasonably safe place and reasonably safe surroundings in which to work and use reasonable care to maintain and keep such place and surroundings in a reasonable condition."' Continuing he says: 'Instruction No. 15 required plaintiff to ascertain whether the trolley wire was attached to the arm, but not whether the arm was attached to the posts. The court tells you in instruction No. 2 that it was the duty of the defendant to furnish a safe place to work with safe surroundings, and instruction No. 15 only required him to see that the wire was attached to the arm, and did not require him to see that his surroundings were safe or that the arm holding the wire was safe.'

"Mr. Blakeney: Defendant objects to this argument as a misstatement of the law and these instructions, and requests the court to instruct the jury to disregard same.

"The Court: Overruled.

"Mr. Blakeney: Defendant excepts."

We see nothing objectionable in the statement of counsel objected to. Viewing the case as a whole, we are not prepared to say that the errors complained of have probably resulted in a miscarriage of justice or constitute a substantial violation of a constitutional or statutory right.

Finding no reversible error in the record, the judgment of the court below is affirmed.

All the Justices concur.