## CHOCTAW LUMBER CO. v. WALDOCK.

No. 7866—Opinion Filed Feb. 24, 1920.

Rehearing Denied May 25, 1920.

(Syllabus by the Court.)

**1. Jury—Right to Jury Trial — Action on Notes and Mortgage.**

In an action for the recovery of money on promissory notes, although involving the foreclosure of a mortgage on real estate, issue being joined as to the amount due, defendant is entitled to a trial by jury as a matter of right.

**2. Appeal and Error—Harmless Error.**

Where an examination of the record does not show that the error complained of has probably resulted in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right, a new trial will not be granted. Section 6005, Rev. Laws 1910.

**3. Trial—Right to Open and Close—Action on Notes—Admissions and Defenses.**

The trial court did not err in permitting defendant to open and close the case where the defendant admitted the execution, delivery, and assignment of the notes sued upon and pleaded a separate agreement between himself and the assignor of the notes as a defense to payment of the notes, and where the notes show on their face they were past due when the assignment was made.

**4. Contracts—Alteration—Writings.**

A contract in writing may be altered by a contract in writing. Section 988, Rev. Laws 1910.

**5. Appeal and Error—Review—Admission of Secondary Evidence.**

The determination of the trial court, based upon supporting evidence, that a written agreement is lost, and that secondary proof of the terms of the lost writing is admissible, will not be disturbed on appeal.

**6. Same—Judgment—Conflicting Evidence.**

Where the judgment of the trial court is reasonably supported by the evidence, this court will not weigh conflicting testimony, but will affirm the judgment.

Error from District Court, McCurtain County; Summers Hardy, Judge.

Action by the Choctaw Lumber Company, a corporation, against A. J. Waldock, to recover money on four promissory notes and to foreclose a mortgage securing the payment of these notes. Judgment for defendant, and plaintiff brings error. Affirmed.

John S. Kirkpatrick, H. M. Kirkpatrick, and Ames, Chambers, Lowe & Richardson, for plaintiff in error.

McPherren & Cochran, for defendant in error.

PER CURIAM. Action was begun by plaintiff February 24, 1913, to recover on four certain promissory notes and to foreclose a mortgage upon certain timber lands in McCurtain county, securing the payment of these notes. These notes were dated December 21, 1909, and were for $10,000, $20,000, $10,000, and $10,000, respectively, with 8 per cent interest from date, due one, two, and three years, respectively, after date; it being provided in the fourth note that should Waldock pay the three first mentioned notes, aggregating $40,000, on or before December 21, 1910, the fourth note for $10,000 should be void and of no effect.

The material allegations of the plaintiff's petition are that the defendant, A. J. Waldock, executed and delivered the promissory notes sued upon and the mortgage securing the payment of same, to the Paine Lumber Company, Limited, a corporation, and became liable and bound to pay to the Paine Lumber Company, Limited, the amount of said notes; that certain payments had been made to the Paine Lumber Company, Limited, on said notes; that the said notes by written agreement all matured and became payable upon the failure of the defendant to pay any part of the principal or interest when due; that on the 5th day of June, 1912, the said notes and mortgage securing the same were sold, indorsed, transferred, and delivered to the plaintiff, the Choctaw Lumber Company, for value, in the usual course of business; that the said notes and mortgage were assigned to the plaintiff by the Paine Lumber Company in writing, and a copy of the written assignment is attached to the petition as an exhibit; that the conditions of the said notes and mortgage as to payment of principal and interest had been broken and the whole of the principal and

interest was due and unpaid to the plaintiff; and the plaintiff prays judgment upon the said notes and a decree of foreclosure and sale of the property covered by the mortgage to pay the said judgment.

The material part of the answer of the defendant is as follows.

"The defendant admits the execution of the notes and mortgage described in the petition of the plaintiff and states the fact to be that the said notes were executed by the defendant to the said Paine Lumber Company in consideration of certain stock then owned and held in the Choctaw Lumber & Veneer Company, a corporation, with a veneer plant located at Garvin, Oklahoma, and which was transferred by the said Paine Lumber Company to the defendant; that it was agreed and contracted in writing by and between the defendant, A. J. Waldock, and the said Paine Lumber Company that in consideration of the purchase of the said stock and certain indebtedness held by the said Paine Lumber Company against the said Choctaw Lumber & Veneer Company, that the Paine Lumber Company would take the entire output of the said plant of the Choctaw Lumber & Veneer Company for two years at the price of $20 per thousand feet; that by reason of the said agreement on the part of the Paine Lumber Company to so take the said entire output of the said plant the defendant was induced to purchase the said stock of and from the said Paine Lumber Company in the amount of $179,000, being almost the entire capital stock of the said Choctaw Lumber & Veneer Company; that the entire output of the said plant would average the amount of 30,000 feet per day and the cost of manufacture would not exceed $10 per thousand feet, making a profit of about $300 per day in operating the said plant under the contract with the said Paine Lumber Company. That defendant cannot attach contract, as same is lost.

"The defendant further states that the Paine Lumber Company under the said contract by and between the said company and the defendant did take less than one-half of the output of the said plant and refused to take all the output or to pay for the amount taken upon the inspection of the person agreed upon by the defendant and the said Paine Lumber Company.

"The defendant further states that by reason of the said refusal of the Paine Lumber Company to take the entire output of the said plant and to pay for the same as per the said contract the said stock so purchased by the defendant in the said plant of and from the said Paine Lumber Company was rendered worthless and the said indebtedness held by the Paine Lumber Company against the said Choctaw Lumber & Veneer Company and transferred to the defendant in consideration of the notes herein sued upon was rendered uncollectible.

·"That by reason of the failure and refusal of the said Paine Lumber Company to fulfill the said contract the said plant was forced to remain idle for more than one-half of the time during the said two years at a cost of $1,000 per month, or a total cost of $24,000, and a large amount of timber and material ruined, and the said Choctaw Lumber & Veneer Company was forced into involuntary bankruptcy and the stock therein was a total loss and was and is worthless and no part of the unpreferred debts of the said company was or could be paid.

"The defendant states that the above facts were known to the plaintiff, the Choctaw Lumber Company, at the time the said notes were assigned to the plaintiff; that the said notes were due and unpaid at the said time of the alleged transfer and that the plaintiff took the same charged with the defense herein alleged."

The trial was had to a jury and a verdict was rendered for defendant. Thereafter motion for new trial was filed by plaintiff and overruled by the court; but in overruling the motion for new trial, the court, while not reversing his ruling that the case was a proper one for a jury, proceeded to review the testimony, and, after adopting the verdict of the jury, made additional findings of fact and stated his conclusions of law and rendered judgment for the defendant in accordance with the verdict of the jury.

An additional motion for new trial was filed and was thereafter overruled by Judge Dudley, the successor to Judge Hardy, who tried the case. Plaintiff contends that it was the duty of Judge Dudley to grant a new trial as a matter of course.

This being an action for the recovery of money on promissory notes, although involving the foreclosure of a mortgage on real estate, and issue having been joined as to the amount due, defendant was entitled to a trial by jury as a matter of right. Sherman v. Randolf, 13 Okla. 224, 74 Pac. 102; Maas v. Dunmyer, 21 Okla. 434, 96 Pac. 592; Brewer et al. v. Martin, 40 Okla. 350, 138 Pac. 166; Holmes v. Halstid, 76 Okla. 31, 183 Pac. 969.

A motion for a new trial, where there has been a verdict by a jury, calls for a re-examination in the same court of the issues of fact. Price & Miller v. Ratcliff, 47 Okla. 370, 148 Pac. 153. Judge Dudley, in overruling the additional motion for a new trial, stated that the matters urged had been passed upon by Judge Hardy and that the evidence had been reviewed by him. Whether this motion called for a re-examination of the issues of fact is immaterial so far as the results of the case are concerned. Each party

to the trial is entitled to have the intelligent opinion of both the court and the jury upon the evidence introduced. This has been had herein. The judge who tried the case thoroughly reviewed the evidence and rendered his decision in accordance therewith. Where an examination of the record does not show that the error complained of has probably resulted in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right, a new trial will not be granted. Section 6005, Rev. Laws 1910; Muskogee Electric Traction Co. v. Cox, 49 Okla. 365, 153 Pac. 125; Reader v. Farris, 49 Okla. 459, 153 Pac. 678.

The second contention of plaintiff is that the court erred in permitting the defendant to open and close the case over plaintiff's objection. Defendant having admitted the execution, delivery, and assignment of the notes and having pleaded the defense alleged, the burden shifted to him, and the trial court did not, therefore, err in permitting defendant to open and close the case. Congdon v. McAlester Carriage & Wagon Factory, 50 Okla. 201, 155 Pac. 597; Bass & Harbour Furniture Company v. Harbour, 42 Okla. 335, 140 Pac. 956.

The third contention, and the one most persistently urged by plaintiff, is that the trial court erred in admitting secondary evidence as to the terms of the written agreement without sufficient proof of the loss or destruction of the original. The introduction of testimony as to the second agreement, or as to a part of the original agreement executed after the first part of the agreement was put in writing, was competent. Section 988, Rev. Laws 1910, reads:

"A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise."

Mullen v. Thaxton, 24 Okla. 643, 104 Pac. 359; Smith-Wogan Hardware & Implement Co. v. Moon Buggy Company, 26 Okla. 161, 108 Pac. 1103; Brown et al. v. Coppadge et al., 54 Okla. 88, 153 Pac. 817.

The determination of the trial court, based upon supporting evidence, that a written agreement is lost and that secondary proof of the terms of the lost writing is admissible will not be disturbed on appeal. Marker v. Gillam, 54 Okla. 766, 154 Pac. 351; 17 Cyc. 542 and cases cited therein; Wigmore on Evidence, vol. 2, p. 1405.

Plaintiff's fourth contention is that the verdict and decision are not sustained by and are contrary to the evidence. Where, as here, the judgment is reasonably supported by the testimony, the presumption is in its favor,

and the court will not weigh conflicting testimony, but will affirm the judgment. Bruce v. McIntosh et al., 57 Okla. 774, 159 Pac. 261; Bd. of Commissioners of Woodward County v. Thyfault, 43 Okla. 82, 141 Pac. 409; Aifred v. St. L., I. M. & S. R. Co., 42 Okla. 4, 140 Pac. 415; Elwell v. Purcell, 42 Okla. 1, 140 Pac. 412.

Plaintiff also insists that the verdict, findings, and judgment are contrary to law, and that the inference should be that if the second contract was made, it was for the benefit of the veneer company and not for the benefit of the defendant. But the general finding is to the effect that whatever agreement or agreements were made, were between the Paine Lumber Company and the defendant, and that without the agreement to take the product of the mill, the stock purchased by the defendant was valueless. Therefore, this contention of the plaintiff does not seem to be well taken.

It is next contended that the court erred in refusing to admit competent, relevant, and material evidence offered by the plaintiff. It is not apparent from the record or from the brief of the plaintiff wherein the sustaining of objections to the evidence offered could have affected the result of the trial. Where an examination of the record does not show that the errors complained of probably resulted in a miscarriage of justice, a new trial will not be granted. Section 6005, Rev. Laws 1910. Muskogee Electric Traction Co. v. Cox, supra; Reader v. Farriss, supra.

It is further urged by plaintiff that the damages awarded the defendant were excessive, appearing to have been given under the influence of passion and prejudice. What has been said as to plaintiff's fourth contention, as designated herein, applies to the amount of the verdict or judgment. Nothing has been pointed out to indicate passion or prejudice on the part of either the court or the jury in the conduct of the trial, and passion or prejudice could be inferred only from the amount of the damages awarded. This part of the findings and judgment will not be disturbed. Woodward County v. Thyfault, supra, and other cases cited under the discussion of plaintiff's fourth contention.

The other assignments of error have been disposed of by what has already been said.

From a review of the record, the case seems to have been fairly tried. We find no reversible errors.

The judgment of the trial court is therefore affirmed.

Mr. Justice RAINEY did not participate in this opinion.