ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY v. SPRIGGS.

Opinion delivered May 11, 1914.

INTERSTATE COMMERCE—ROUTE THROUGH ANOTHER STATE.—A railroad selling a ticket from Fort Smith, Ark., to Hot Springs, Ark., may charge a passenger fare of three cents per mile, where a portion of the trip is outside the State of Arkansas.

Appeal from Garland Circuit Court; *Calvin T. Cotham,* Judge; reversed.

*E. B. Kinsworthy, R. E. Wiley* and *W. G. Riddick,* for appellant.

This case is controlled by this court's decision in the case of *St. Louis & San Francisco Railroad Company* v. *State,* 87 Ark. 562, and by the decision of the United States Supreme Court in *Hanley* v. *Kansas City Southern Railway Company,* 187 U. S. 617. The case should be reversed and dismissed.

*Appellee, pro se.*

Incidental passage over the soil of another State than that of the origin and terminus of the transportation, gives the State jurisdiction over such transportation. 116 U. S. 517; 21 S. E. 391.

If one State only is affected by the transportation, it is intrastate.  6 Law. Ed. 39; 21 S. E. 391; 115 Fed. 373; 145 U. S. 192; 86 Ia. 587; 17 L. R. A. 443; 53 N. W. 351; 78 Ark. 182.

HART, J.  Appellee sued appellant to recover the penalty provided by section 6620 of Kirby's Digest for charging a greater compensation for the transportation of passengers than allowed by the statutes of the State, and recovered judgment.  To reverse that judgment, appellant prosecutes this appeal.  The facts are as follows:

Appellant has a continuous line of railroad from Fort Smith, Ark., to Hot Springs, Ark.  Fort Smith is situated on the extreme western border of the State, and between that station and Van Buren, Ark., the next station east, appellant's line of railroad runs through the State of Oklahoma for a distance of about four miles.  Appellee purchased from appellant a ticket from Fort Smith, Ark., to Hot Springs, Ark., paying therefor at the rate of three cents a mile, a greater sum than appellant is allowed to charge under the statutes of the State.

Appellant maintains a rate of three cents per mile from the city of Fort Smith, via the route mentioned above, to the city of Hot Springs, pursuant to a passenger tariff which it has duly and regularly established and filed with the United States Interstate Commerce Commission, and duly published.  Appellee embarked on one of appellant's trains for Hot Springs, and, while en route, traversed the State of Oklahoma for the distance of four miles.  That is to say, although appellee went from one point in Arkansas to another point in the same State, while en route he passed without the State and through part of another State.

The court should have dismissed appellee's complaint.  The case is ruled by the decision of this court in the case of the St. Louis & S. F. Rd. Co. v. State, 87 Ark. 562, and by the decision of the Supreme Court of the United States in Hanley v. Kansas City So. Ry. Co., 187 U. S. 617.  In the latter case the court held that to bring the transportation within the control of the State

as a part of its domestic commerce, the subject transported must be, during the entire transportation, under the exclusive jurisdiction of the court.

The judgment will be reversed and the cause of action dismissed.