**MAYO et al. v. THEDE.**

No. 9311—Opinion Filed Oct. 1, 1918.

(175 Pac. 348.)

**1. Pledges—Conversion by Pledgee.**

L. P. T. was the owner of certain household and kitchen furniture, and made arrangement to discontinue housekeeping temporarily and store said furniture with Nichols Transfer Company. L. P. T. was indebted to F. M. Co. in the sum of $60 as a part of the purchase price of said furniture, and at the request and direction of M. F. Co., stored said furniture with M. F. Co. as security for said debt, which was subsequently paid in full. M. F. Co. refused to return said furniture or to account for the same. Held that M. F. Co. was liable in a suit for the conversion of said property unaccounted for to L. P. T.

**2. Appeal and Error—Trial—Instructions—Pleading—Evidence—Reversible Error.**

It is error for the court to instruct on a question not involved in the issues as made by the pleadings or warranted by the evidence; but, when such instruction is more favorable to the party complaining than he was entitled to receive, the action of the court in thus giving said instruction does not constitute reversible error.

**3. Conversion—"Conversion."**

"Conversion" is any distinct act of dominion wrongfully asserted over another's personal property in denial of the owner's right or inconsistent therewith.

(Syllabus by Davis, C )

Error from County Court, Tulsa County; H. L. Standeven, Judge.

Action by L. Pauline Thede against Cass A. Mayo and John D. Mayo, partners doing business as the Mayo Furniture Company. Judgment for plaintiff, and defendants bring error. Affirmed.

Dillard, Allen & Dillard, for plaintiffs in error.

Robinson & Mieher, for defendant in error.

Opinion by DAVIS, C. This action arose in Tulsa county, Okla. Defendant in error, hereinafter referred to as plaintiff, instituted an action in the county court of Tulsa county, against plaintiffs in error, hereinafter referred to as defendants, to recover the sum of $1,000 for damages alleged to be due by reason of the defendants having converted certain personal property belonging to plaintiff.

The petition alleges: That on or about the 8th day of January, 1914, plaintiff was the owner of and in possession of a certain lot of household and kitchen furniture and furnishings, consisting of stoves, dining chairs, rockers, tables, davenports, rugs, dressers, chiffoniers, beds and bedding, buffets, cabinets, china closet, refrigerator, chinaware, cut glass ware, framed pictures, silverware, sheets, table linen, sewing machine, etc. That on or about the 8th day of January, 1914, plaintiff had made arrangements to discontinue housekeeping temporarily and store said property with Nichols Transfer Company. That she was indebted to defendants in the sum of $60, same being due defendants as part of the purchase price of said furniture. It is further alleged: That when defendants ascertained that plaintiff had made said arrangements in reference to the disposition of said property, that they ordered and directed plaintiff to place said property in their care and custody, to be held by them until such time as the remainder of said purchase price had been paid. That defendants assured plaintiff that said property would be well cared for, and that upon the payment of the said $60 that it would be returned to her. That thereupon plaintiff changed her former arrangements to store the said property with Nichols Transfer Company, and stored all of said property with defendants. Plaintiff alleges that she subsequently paid the said $60 and demanded a return of said property, and that defendants neglected and refused to return said property, with the exception of a very small part thereof; that, without the knowl-edge or consent of plaintiff, defendants converted and disposed of all of the balance of said property, to plaintiff's damage in the sum of $1,000.

The answer of defendants admits: That plaintiff stored with them a quantity of furniture and household goods, to hold until plaintiff should pay defendants a debt which she owed them. That, after said debt was paid, defendants returned to plaintiff all of said goods, except a small quantity thereof. Defendants further state that the goods not returned were old and worn secondhand goods of little value, and denied that plaintiff was damaged to the extent of $1,000 by reason of the loss of said property.

On the issues thus formed the cause was tried, and a verdict returned in favor of plaintiff, awarding her as damages the sum of $950. Judgment was entered on this verdict. A motion for a new trial was duly filed and overruled. From the action of the court in overruling said motion, defendants prosecute an appeal to this court.

The first assignment of error urged by counsel for defendants is error of the court in refusing to hold that defendants were naked bailees, and by reason thereof plaintiff is not entitled to recover under the facts proven. There is no merit in this assignment of error, for the reason that neither the pleadings nor the evidence justify the contention here urged that the transaction between plaintiff and defendants was a mere bailment. Such a contention is not warranted by the petition, the answer, or the evidence adduced at the trial. The petition charges a specific conversion of the property, and the answer of defendants admits it. The only question for determination was the amount of damages suffered by plaintiff by the tortious conduct of defendants.

Section 4500, Rev. Laws 1910, defines a pledge as a deposit of personal property by way of security for the performance of another act. Section 4501, Rev. Laws 1910, states that every contract by which the possession of personal property is transferred, as a security only, is to be deemed a pledge. Every element necessary to constitute a pledge is included in this transaction. The possession of the pledged property passed to defendant. The legal title to all of the property stored with defendants for the security of the debt remained in plaintiff, and defendants had a lien on the property thus pledged for the payment of the debt. Jackson v. Kincaid, 4 Okla. 554, 46 Pac. 587; 31 Cyc. 785, 787. Under the admitted facts in this case,

the question of naked or gratuitous bailee was not involved.

The second error assigned is that the court erred in submitting to the jury the question of whether the defendants were bailees for hire or gratuitous bailees. We agree that there was error in this, for the reason that the question of gratuitous bailee was not involved, but the action of the court in this respect resulted in giving to the defendants the benefit of a defense that they were not entitled to. Defendants cannot be heard in this court to question the action of the trial court in giving them more favorable consideration than the admitted facts justified or warranted. Taking into consideration the evidence, testimony, and answer of defendants, there was but one question that should have been submitted to the jury for determination, to wit, the amount that plaintiff had been damaged. It has been held in a long line of decisions by this court that the giving of an erroneous instruction, which was more favorable to plaintiff in error than defendant in error, will not constitute error which demands a reversal of the case Gorman v. Hargis, 6 Okla. 360, 50 Pac. 92; Chicago, R. I. & Pac. Ry. Co. v. Johnson, 25 Okla. 760, 107 Pac. 662, 27 L. R. A. (N. S.) 879; Terrapin v. Barker, 26 Okla. 93, 109 Pac. 931.

The next assignment of error is that the court erred in instructing the jury upon the question of conversion. There is no complaint made as to the instructions submitted, but it is urged that the necessary elements are not present to warrant the court in submitting the question of conversion to the jury. This contention cannot be sustained. The case of Clinton National Bank v. McKennon, 26 Okla. 835, 110 Pac. 649, has settled this question by holding that a pledgor can maintain an action for conversion against a pledgee, who has made an unauthorized disposition of the property pledged for the security of the debt. When plaintiff paid the $60 that was due on the furniture stored with defendants, she was entitled to a return of said property. This defendants admit, but when repeated demands were made for this property various excuses were offered by defendants, among others that the property had been stolen, and when they were at last brought into court to answer for their delinquency, attempted to prove that all of said property of any value had been returned. In this effort they signally failed. The Supreme Court of this state has defined conversion to be any distinct act of dominion wrongfully asserted over another's personal property in denial of his right, or inconsistent with it, and such act amounts to and may be treated as a conversion, for which trover is a remedy. Mercantile Co. v. Fitch, 22 Okla. 475, 99 Pac. 1089, 23 L. R. A. (N. S.) 573; Bilby v. Jones 39 Okla. 613, 136 Pac. 414.

The evidence in this case fully warranted the action of the court in submitting the case to the jury on the question of conversion. Defendants frankly admit that they gave away a portion of the property; that a part of it was broken and destroyed. The remainder has never been accounted for. The entire course of conduct upon the part of defendants in this transaction displays an entire disregard for the rights of plaintiff to a degree that amounts to oppression and malice. When plaintiff made arrangements for temporarily storing her furniture, she was the owner of a large amount of elegant and tasty furniture, the description of which shows that her home enjoyed a degree of refinement that is commendable. When this transaction was closed, she had lost the accumulations of a lifetime, heirlooms, and memorials of her family that were prized beyond any recompense that this judgment can give

Finding no merit in this appeal, we recommend that the judgment be in all things affirmed.

By the Court: It is so ordered.