## FARMER'S NATIONAL GRAIN CORP. v. KIRKENDALL.

No. 28057.    May 17, 1938.

Ernest F. Smith, for plaintiff in error.

Harry C. Kirkendall, for defendant in error.

CORN, J.  This is an appeal by the plaintiff in error, an Illinois corporation, from a judgment rendered in the district court of Garfield county, in an action brought by the defendant in error to recover actual and exemplary damages for alleged conversion of certain wheat.  The parties will be referred to as in the trial court.

The Homebuilders Shipping Association, an Oklahoma corporation, owned and operated an elevator at Aline, Okla., managed by one Phillips.  The association had a contract with the defendant whereby the association bought grain from the growers, and paid therefor by draft drawn on defendant. The defendant then bought this grain from the association, charging the price paid to the association against the amount of drafts previously drawn upon it by the association; then, at regular periods, the accounts were balanced and the credits were paid to the association.  The contract provided that drafts should only be drawn on the defendant for grain actually delivered and sold to the association.

In his petition the plaintiff alleged: While the association was acting as agent for the defendant, he "sold and delivered" 545 bushels of wheat to the elevator; at the time of delivery the manager was short in his accounts, which was known to the defendant but not the plaintiff, and defendant knew no draft had been issued in payment and that none would be drawn.  Further, knowing it had no right or title in said wheat, the defendant caused same to be loaded and shipped, thereby converting same to its own use, and thus depriving plaintiff of his property.

The plaintiff asked the value of the wheat ($517.90) as damages for the alleged conversion, and $300 exemplary damages.  Motions and demurrers were disposed of, and defendant answered, admitted a contract as alleged by plaintiff, but denied the agency of the association elevator and any conversion of plaintiff's wheat.

The jury returned a verdict for plaintiff for $517.90, value of the wheat, plus $200 exemplary damages.  The defendant assigns 20 specifications of error as ground for reversal.  However, all of these matters can be decided by determining whether the transaction in question was a sale to the association, or whether defendant's acts in regard to this wheat amounted to a conversion for which defendant would be liable.

In determining this single question, notice should be taken of the plaintiff's testimony at the trial.  After testifying he entered into an agreement with the elevator manager to sell this wheat at a premium of 4c per bushel, the plaintiff testified, in substance, as follows: That he did not ask for his draft when he delivered the wheat, and gave them the right to dispose of it with the understanding that he could get his money any time thereafter that he wanted it.  That he delivered it there for sale, did not expect his wheat back, did not intend to ask for his draft on the day of delivery and did not intend to ask for his money until a later date when he thought the market would be better, and he would get a good price.  Also, that he did not intend to store any wheat, but disposed of the wheat with the understanding that he could get the money at a later date.

Now it is the plaintiff's contention that delivery of this wheat to the elevator was not a completed contract until paid for by a draft drawn on the defendant, hence, when

it shipped the wheat without a draft having been issued, the defendant thereby wrongfully converted this wheat. All the plaintiff's argument is directed towards showing this could not have been a completed transaction without payment first being made, and since no draft was drawn in payment, title to the wheat never passed and the shipping of the wheat amounted to a conversion.

65 C. J. p. 14, sec. 5, states as follows:

"C. Want of Consent of Owner. To constitute conversion, nonconsent to the possession and disposition of the property by defendant is indispensable. If the owner expressly or impliedly assents to or ratifies the taking, use, or disposition of his property, he cannot recover as for a conversion thereof; and this is so although defendant exceeded the power given him."

There is presented here a question which has been decided by this court numerous times in the past, one of the earliest expressions from this court being the case of Aylesbury Merc. Co. v. Fitch, 22 Okla. 475, 99 P. 1089. wherein paragraph 1 of the syllabus says:

"Conversion is any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein."

That early case defining conversion and announcing the rule of this court in regard thereto has been followed consistently by this court in later decisions. See Sivils v. Aldridge, 62 Okla. 89, 162 P. 198; Mayo v. Thede, 73 Okla. 181, 175 P. 348; Mason v. Nibel, 129 Okla. 7, 263 P. 121; Wilson Motor Co. v. Dunn, 129 Okla. 211, 264 P. 194; and Belcher v. Spohn, 170 Okla. 139, 39 P.2d 87.

The arguments advanced by the plaintiff run exactly contrary to the holdings of this court. Not only was there a total failure of proof that this wheat was taken by the defendant wrongfully, and without plaintiff's consent, but the evidence affirmatively showed that he consented to its being taken, knew that he had parted entirely with possession and retained no control over it. The plaintiff did not, at that time, demand payment, and testified that he did not expect his money until later.

All these circumstances certainly show that the plaintiff considered he had sold his wheat, and that he did not have the expectation of immediate payment, but reserved the right to demand payment for his wheat at a future date.

Inasmuch as plaintiff entirely failed to prove conversion here, and since this question is decisive of the appeal, it will not become necessary to discuss the other assignments of error.

For the reasons stated, the judgment of the trial court is reversed and remanded for new trial.

BAYLESS, V. C. J., and PHELPS, GIBSON, and HURST, JJ., concur.