## VAN TILBORG v. FIRST NAT. BANK OF MARLOW.

No. 29970. Jan. 19, 1943.

Rehearing Denied May 11, 1943.

*136 P. 2d 887.*

R. E. Bowling, of Pauls Valley, for plaintiff in error.

Joe Curtis, of Pauls Valley, M. W. Pugh, of Marlow, and Paul Pugh, of Oklahoma City, for defendant in error.

GIBSON, V. C. J. This is an action in conversion by the mortgagee against the alleged purchaser of certain personal property. Judgment was for plaintiff, and defendant appeals.

The property in question consisted of broomcorn on which the plaintiff held a mortgage to secure certain notes representing money loaned to one Hancock, the grower. Hancock harvested and transported the broomcorn to the town of Lindsay, where he sold the same on the open market. Defendant is alleged to have purchased the corn and disposed of the same with knowledge of plaintiff's mortgage.

Defendant now insists that the evidence was insufficient to establish conversion, and that the trial court erred in not sustaining his demurrer to all the evidence.

Among the elements necessary to the establishment of a prima facie case of conversion is the want of consent on the part of plaintiff to the alleged wrongful appropriation of the property. Mason v. Nibel, 129 Okla. 7, 263 P. 121; Federal Nat. Bank v. Lindsey, 172 Okla. 30, 43 P. 2d 1036; Farmer's Nat. Grain Corp. v. Kirkendall, 183 Okla. 17, 79 P. 2d 570. In Federal Nat. Bank v. Lindsey, above, the rule was stated as follows:

"Where a party sues for conversion of his property, he must allege and prove that it was taken or appropriated without his consent."

After a careful examination of the record, we have failed to find any testimony showing want of consent on the

part of plaintiff. Nor do the briefs call our attention to any such evidence.

The judgment is reversed and the cause is remanded for new trial.

CORN, C. J., and RILEY, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. OSBORN and BAYLESS JJ., absent.