**Charles R. SEGARS, Appellee,**

v.

**CLASSEN GARAGE AND SERVICE COMPANY, a corporation, Fred D. Woitchek and Carol J. Woitchek, Appellants.**

No. 52588.

Court of Appeals of Oklahoma, Division No. 1.

March 11, 1980.

Rehearing Denied April 1, 1980.

Certiorari Denied May 5, 1980.

Released for Publication by Order of Court of Appeals May 15, 1980.

King, Tague & Roberts by Roland Tague, Oklahoma City, for appellee.

Dennis C. Roberts, Oklahoma City, for appellants.

REYNOLDS, Presiding Judge:

Classen Garage and Service Company, Fred D. Woitchek, and Carol Woitchek (Defendants) appeal the judgment of the trial court awarding Charles Segars (Plaintiff) actual and punitive damages in Plaintiff's suit seeking damages for the conversion of his 1969 Plymouth automobile.

In February, 1977, Defendants agreed to effect certain repairs on Plaintiff's automobile. On March 7, 1977, Plaintiff gave Defendants a personal check in the sum of $258.46 and took possession of his automobile. The next day the automobile broke down and Defendants towed it back to their garage for additional repair. Plaintiff stopped payment on the March 7 check. On March 11, Defendants notified Plaintiff that his automobile had been repaired. Plaintiff's repair bill now was a total of $278.16. Plaintiff attempted to pay his bill and take possession of his automobile on March 15 but Defendants would not accept Plaintiff's personal check. Plaintiff returned the next day with a friend to take possession. At this time Plaintiff noticed a set of scratches on the front hood that he claimed were not there when Defendants took possession on March 8. Defendants again refused to allow Plaintiff to take possession. The next day, on the advice of his attorney, Plaintiff had a cashier's check drawn in the sum of $278.16. On the back of this check Plaintiff wrote:

Payment in full for labor, parts and service. This check is given in order to get possession of my car. This check is not given as an admission that there was not physical damage to the car while in payee's possession. This check replaces Segars check No. 144–3–7–77. This

check is not given as an admission that the work and parts were as agreed.

Plaintiff presented the check to Defendant Carol Woitchek on March 17 and again requested possession of his automobile. Carol Woitchek refused to accept the cashier's check and refused to deliver possession of the vehicle to Plaintiff.

On April 12, 1977, Plaintiff brought this action to recover the fair market value of his automobile, plus interest, costs, and punitive damages. Plaintiff alleged that the value of his automobile was $900. Defendants cross-petitioned praying for recovery in the sum of $258.46 for repairs, plus storage costs from the date of the completion of repairs. A jury trial was held April 12, 1978. The jury awarded Plaintiff $900 actual damages and $1500 punitive damages.

Defendants have perfected this appeal, asserting the following propositions of error:

(1) The Court erred in overruling the Defendants' motion for directed verdict, demurrer to the evidence and motion for judgment N.O.V. on the grounds that the possession of the subject automobile was lawful under the labor and materialmen's statute and further that the tender of the check was refused in good faith and therefore there could be no conversion of the subject automobile; and

(2) The jury instructions number 6 and number 8 were confusing and intended to mislead the jury as to the Plaintiff's remedies.

Defendants' first proposition of error, reduced to its essentials, presents the ultimate issue of whether Defendants had lawful possession of Plaintiff's automobile, thereby entitling them to judgment in their favor as a matter of law. See generally: *Fletcher v. Meadow Gold Co.*, Okl., 472 P.2d 885 (1970); *Condo v. Beal*, Okl., 424 P.2d 48 (1967); *Dover v. Smith*, Okl., 385 P.2d 287 (1963); *Hill v. Anderson*, Okl., 363 P.2d 849 (1961); *Sadler v. T. J. Hughes Lumber Co., Inc.*, Okl.App., 537 P.2d 454 (1975).

■ A proper and sufficient tender of payment operates to discharge a lien. *At-*chison, T. & S.F. Ry. Co. v. Tulsa Rig, Reel & Mfg. Co.*, 99 Okl. 40, 225 P. 696 (1923). A conditional tender is not sufficient. *Bly v. Pool*, 60 Okl. 77, 159 P. 511 (1916).

Defendants assert lawful possession of Plaintiff's automobile by virtue of a possessory lien pursuant to Title 42 O.S. 1971, § 91. It is Defendants' position that Carol Woitchek's good faith belief that Plaintiff's cashier's check constituted a conditional tender (hence an insufficient tender justifying her refusal to deliver up possession of Plaintiff's automobile) and prevented such tender from discharging Defendants' lien. Thus Defendants maintain that they were entitled to judgment as a matter of law. Defendants cite *First National Bank of Davis v. Britton*, 185 Okl. 566, 94 P.2d 896 (1939) as authority for this proposition.

Our examination of the *Britton* case reveals nothing that even remotely supports the proposition that a defendant's good faith belief that a plaintiff's *tender* was conditional would operate to prevent the discharge of the lien. *Britton* stands for the proposition that a tender of the proper amount due and owing will not operate to discharge a lien where the lienholder in good faith believes that a *greater sum is due*.

In *Orr v. Mallon*, 190 Okl. 598, 126 P.2d 83 (1942), Orr overhauled Mallon's pickup. Mallon claimed that there was a specific agreement between the parties that the pickup would be repaired for $160. Orr denied that such an agreement existed and he presented an itemized bill in the sum of $198.57. Mallon tendered $160 and requested possession of the pickup. Orr denied the tender claiming a lien for $198.57 and retained possession of the pickup. The jury returned a verdict in Mallon's favor. There the Supreme Court said:

It is established law as the general rule in this state that where a tender is made as full satisfaction of a debt secured by a lien the tender, if unaccepted, does not discharge the lien if the creditor is in good faith claiming a larger amount than the amount tendered. *First National Bank of Davis v. Britton*, 185 Okl. 566, 94

P.2d 896. See, also, annotation 93 A.L.R. 73.

■ By their verdict the jury has determined that the Defendants did not in good faith claim an amount larger than the amount tendered. Plaintiff's tender therefore operated to discharge the Defendants' lien. The jury's verdict is supported by competent evidence. Plaintiff testified that he wanted possession of his automobile and that his attorney advised him to pay the Defendants' bill in full. He further testified that Defendant Carol Woitchek told him that $278.16 was the entire amount due and that he was informed of no other charges against him. Although Carol Woitchek testified that she had informed Plaintiff of the claimed storage charges, the jury was not required to believe her. The credibility of the witnesses and the weight to be given their testimony are matters solely in the province of the jury and where there is any competent evidence tending to support the jury's verdict, this Court will not disturb it on appeal. *Hames v. Anderson*, Okl., 571 P.2d 831 (1977).

Defendants' second proposition of error contends that jury instructions number 6 and number 8 were confusing and intended to mislead the jury.

■ The record does not reflect any objection by Defendants to the complained of instructions as required by Title 12 O.S. 1971, § 578. In *Huff v. Duncan*, Okl.App., 530 P.2d 134, 136 (1974), this Court held:

In an unbroken line of cases the Oklahoma Supreme Court has held that the Oklahoma Statutes dealing with exceptions to instructions are mandatory, and unless the requirements have been complied with, complaints regarding the instructions given or refused will not be reviewed on appeal. [Citations omitted.]

\*　　\*　　\*　　\*　　\*　　\*

[I]n the case of *Rogers v. Worthan*, Okl., 465 P.2d 431, held where plaintiff in error failed to reserve objections to instructions in manner required by statute, instructions would be reviewed only to determine if they were free from fundamental error.

We have examined the trial court's instructions and find them free from fundamental error.

Instructions of the trial court must be considered as a whole in light of the evidence upon which they operate, and if they fairly state the applicable law the instructions will be held sufficient and the verdict will not be set aside. *Gasko v. Gray*, Okl., 507 P.2d 1231 (1973). We find that the trial court's instruction fairly set out the issues and the applicable law.

AFFIRMED.

BOX and ROMANG, JJ., concur.