*This order vacated per order filed on 12/21/16.*

# IN THE SUPREME COURT OF THE STATE OF NEVADA

STONE HOLLOW AVENUE TRUST,
Appellant,
vs.
BANK OF AMERICA, NATIONAL
ASSOCIATION,
Respondent.

No. 64955

**FILED**

AUG 1 1 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK



## ORDER GRANTING PETITION FOR REHEARING, VACATING PRIOR ORDER, AND AFFIRMING

Having considered the petition for rehearing and answer to the petition, we have determined that rehearing of this matter is warranted, as this court gave undue significance to the fact that respondent's $198 tender was rejected by Heritage Estates Homeowners Association. *See* NRAP 40(c)(2)(A). Specifically, because appellant did not dispute that $198 was adequate to pay off the superpriority portion of Heritage Estates' lien, it follows that Heritage Estates was unjustified in rejecting respondent's tender of that amount.[1] When rejection of a tender is unjustified, the tender is effective to discharge the lien. *See, e.g., Hohn v. Morrison*, 870 P.2d 513, 516-17 (Colo. App. 1993); *Lanier v. Mandeville Mills*, 189 S.E. 532, 534-35 (Ga. 1937); *Fed. Disc. Corp. v. Rush*, 257 N.W. 897, 899 (Mich. 1934); *Segars v. Classen Garage & Serv. Co.*, 612 P.2d 293, 295-96 (Okla. Civ. App. 1980); *Reynolds v. Price*, 71 S.E. 51, 53 (S.C. 1911);

---

[1]Appellant argues in its answer to the rehearing petition that Heritage Estates was justified in rejecting the tender because respondent made the tender conditional. We decline to consider this argument because it was not raised either in district court or on appeal.

16-24873

*Karnes v. Barton*, 272 S.W. 317, 319 (Tex. Civ. App. 1925); *Hilmes v. Moon*, 11 P.2d 253, 260 (Wash. 1932); *see also* 59 C.J.S. *Mortgages* § 582 (2016).

Therefore, at the time of Heritage Estates' foreclosure sale, the superpriority portion of Heritage Estates' lien had been discharged, leaving only the subpriority portion of the lien to be foreclosed. Because respondent's deed of trust was superior to that portion of Heritage Estates' lien, the deed of trust was not extinguished by virtue of the sale to appellant. Accordingly, the district court correctly determined as a matter of law that appellant took title to the property subject to respondent's deed of trust. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing a district court's summary judgment de novo). We therefore vacate our March 18, 2016, disposition and in its place enter this order affirming the district court's summary judgment.

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:    Eighth Judicial District Court Dept. 29
       Kerry P. Faughnan
       Greene Infuso, LLP
       Akerman LLP/Las Vegas
       Eighth District Court Clerk

